June, 1810.

PETTIBONE
v.
PETTIBONE.

---

OZIAS PETTIBONE *against* JONATHAN PETTIBONE.

MOTION for a new trial.

This was an action of *indebitatus assumpsit* for money had and received to the plaintiff's use. The declaration stated,(a) that on the 19th of *April*, 1798, the defendant received of the plaintiff two promissory notes, of which the plaintiff was at that time possessed, made by one *Ahijah Pettibone*, to collect, and receive the money thereon for the plaintiff, or to return said notes to him when demanded; that on or before the 12th of *October*, 1798, the defendant received the contents of said notes, in full payment and satisfaction thereof, from said *Ahijah Pettibone*, and that the defendant had refused to

*A.* received of *B.* two promissory notes, and gave a writing acknowledging the receipt of such notes to collect or return, and promising to account for, or return them, when demanded. *A.* afterwards received the money specified in the notes, and refused to pay over the same. Held, that *indebitatus assumpsit* for money had and received to the plaintiff's use would lie.

(a) In this state, it seldom happens that the pleader is *bold* enough (to adopt the expression of Lord *Holt*) to venture on the general count of *indebitatus assumpsit*; the old mode of stating specially the circumstances under which the money was received, seems to be preferred. That this was anciently the practice in *England*, see 2 *Stra.* 933. 1 *Wms. Saund.* 269. *n.* 2. 2 *Wms. Saund.* 350. *n.* 2. *R.*

June, 1810.   pay the same to, and account therefore with, the plain-
              tiff.

PETTIBONE
    v.              The defendant pleaded *non assumpsit.*
PETTIBONE.
                    On the trial, the plaintiff offered in evidence the
              following writing : " Received, *April* 19th, 1798, of
              Col. *Ozias Pettibone, Granby,* two notes of hand, to
              collect or return, dated *June* 20th, 1797, one of two hun-
              dred dollars, the other of ten dollars, both on demand,
              both of said notes given and signed by *Ahijah Pettibone,*
              to said *Ozias Pettibone ;* which notes I promise to ac-
              count for, or return, when demanded.   Received by me
                                              " *Jonathan Pettibone.*"

                    The plaintiff also offered parol evidence, that the de-
              fendant had collected the sums of money due on said
              notes ; and that the plaintiff had demanded the same of
              the defendant, but that the defendant had refused to pay
              the same, offering to return the notes.

                    To the admission of this evidence the defendant ob-
              jected, on two grounds ; 1. That the plaintiff ought to have
              brought his action on the receipt, the defendant not being
              liable to the plaintiff in any other form of action ; and
              that parol evidence ought not to be received to prove that
              a different contract was entered into ; 2. That by the
              plaintiff's declaration, and the evidence offered, it ap-
              peared that the defendant received the notes of the plain-
              tiff as his bailiff and receiver ; and that, as such, he was
              entitled to the privilege of accounting with the plaintiff
              upon his oath, in an action of account, concerning all the
              sums of money received on the notes, and was also en-
              titled to retain a reasonable compensation for his own
              services.   Consequently, the defendant contended, that
              the evidence adduced by the plaintiff could not support
              the issue joined between the parties, and ought to be
              rejected.

                    The superior court overruled the objection, and ad-
              mitted the evidence.

A verdict being found for the plaintiff, the defendant moved for a new trial. The court granted a rule to show cause why a new trial should not be had, and reserved the question for the opinion of the nine judges.

*Edwards*, in support of the motion, contended,

1. That the action should have been brought on the express promise to account contained in the writing. This was the form of action adopted in *Wilkins* v. *Wilkins, Carth*. 89. S. C. 1 *Salk*. 9. and it was on that ground only that the action was sustained. 1 *Vin. Abr*. 138. *pl*. 32. 262. *pl*. 6. 279. The writing given by the defendant contains the whole contract between the parties, and the plaintiff ought to be confined to it.

2. That the evidence offered was applicable only to an action of account. It showed the defendant to have been originally the bailiff and receiver of the plaintiff. This entitled him to account on his own oath; and for the best of reasons, because the plaintiff, by constituting the defendant his bailiff and receiver, reposed special *confidence* in him. If a party thus situated may be sued in *assumpsit*, how can he purge himself from liability? Common law evidence ought not to be required. *Collins* v. *Phelps*, 3 *Day*, 506.

*Daggett*, contra, insisted that the action was well brought. The declaration charges the defendant with having received money which belonged to the plaintiff. The evidence adduced went directly to establish this fact; and no other evidence was admitted, which was objected to. So far from account being the only remedy, it does not appear from the facts disclosed in this case, that account would lie. The declaration does not show that the defendant was the plaintiff's bailiff. The word " account," in the receipt, is synonymous with *pay over*. There is no reason why the defendant should have the privilege of his own oath. He has re-

June, 1810.

PETTIBONE
v.
PETTIBONE.

ceived money for the plaintiff's use, and is liable to pay it over. Commissions and other proper charges may be deducted in the present form of action. *Wilkins* v. *Wilkins, Carth.* 89. S. C. 1 *Salk.* 9. *Poulter* v. *Cornwall,* 1 *Salk.* 9. 1 *Bac. Abr.* 20. *Wetmore* v. *Woodbridge, Kirby,* 164. and *Wales* v. *Wetmore,* 3 *Day,* 252. were cited as supporting the principle of this action.

N. SMITH, J. This was an action of *assumpsit* for money collected on certain promissory notes, the property of the plaintiff. On trial to the jury, the plaintiff gave in evidence a writing under the hand of the defendant, wherein he acknowledges the receipt of the notes to collect, or return, and then promises to account for, or return the notes, when demanded. The plaintiff then offered parol evidence to show, that the money was in fact collected by the defendant; which was objected to, on the ground that the action should have been either an action of account, or an action founded on the written contract. The court overruled the objection; and a motion for a new trial was filed on that account. The evidence offered was, in my opinion, clearly relevant to the issue, and was properly admitted.

If the evidence, when all taken together, would not support the plaintiff's action in its present form, the defendant might pray the court to charge the jury to that effect; and an incorrect charge, or omitting to charge them on the point, would have been ground for a new trial. Nothing appears, however, to evince the impropriety of the present form of action. The writing exhibited in this case cannot be considered as a *specialty,* either by the rules of the common law, or any practice peculiar to this state. And the court will not turn the party round to his action of account, unless they perceive a necessity for the oath of the defendant in accounting before auditors. No such necessity is apparent in this case.

The other judges severally concurred.

New trial not to be granted.