## ARGUED AND DETERMINED

### IN THE

## *Supreme Court of Errors*

### OF THE

## STATE OF CONNECTICUT.

---

BRADLEY *against* DAVENPORT :

#### IN ERROR.

In *assumpsit* for the use and occupation of land, the plaintiff must aver, that the land was occupied, by permission of the plaintiff, or at the request of the defendant.

In *indebitatus assumpsit* the plaintiff must aver sufficient facts, though generally stated, to shew a valid contract, constituting, in law, a debt against the defendant.

This was an action of *assumpsit ;* in which the plaintiff stated his cause of action in two counts. In the first, he averred, That the defendant, on the 1st of *May*, 1819, entered into the possession of three pieces of land [particularly described] of which the plaintiff then was and for a long time previously had been, seised and possessed ; and that the defendant had ever since continued to occupy and enjoy the same, taking all the rents and profits to himself, and became liable to pay to the plaintiff what the use of said lands was reasonably worth ; and that in consideration of the premises, the defendant assumed, &c. The second count was general, stating, That the defendant, on the 1st of *May*, 1822, became indebted to the plaintiff in the sum of 1500 dollars, for the use and occupation of three other pieces of land ; for that the defendant, on the 1st of *May*, 1819, entered into the possession of said lands, and had contin-

*New-Haven,* ued ever since to occupy and enjoy the same, taking all the
July, rents and profits to himself, which were reasonably worth said
1825. sum of 1500 dollars; and in consideration thereof, the defend-
Bradley ant assumed, &c. To this declaration there was a special de-
v. murrer; and the Court adjudged it insufficient. To revise
Davenport. such decision, the plaintiff procured the record to be transmit-
ted to this Court.

*N. Smith* and *R. S. Baldwin,* for the plaintiff in error, after
remarking that this was an action of *assumpsit* on an *express*
contract, and the only question was, whether there was a suffi-
cient consideration stated to support it, *viz.* that the defendant
was indebted to the plaintiff for the use and occupation of land,
contended, 1. That a subsisting indebtedness is always a good
consideration. *Lawes* on *Assump.* 334, 5. The only reasons
why it is necessary to shew the *cause* of indebtedness, are first,
that it may appear not to arise out of a specialty or record;
and secondly, that the defendant may he able to plead the judg-
ment in another suit. 2 *Wms. Saund.* 350. n. 2. This decla-
ration is sufficiently explicit for these purposes.

2. That conceding that if the plaintiff sought to recover on
an *implied* contract, it would be necessary to prove permission
and request; yet here, the contract being express, it is not ne-
cessary. A moral obligation is a good consideration for an ex-
press promise. 2 *East* 506. per Lord *Ellenborough. Lee* v.
*Muggeridge* & al. 5 *Taun.* 36.

3. That "indebted" *ex vi termini* includes every allegation
necessary to create an indebtedness. "A debt" is defined in
*Fox* v. *Hills,* 1 *Conn. Rep.* 303. to be "a sum of money arising
out of a contract." Now, substituting the definition for the
word, the declaration contains the precise allegation, which is
claimed to be necessary.

The practice of averring "special instance and request" in
*indebitatus assumpsit,* has grown out of the necessity of stating
it in special actions of *assumpsit* on *executed* considerations.
But, in *indebitatus assumpsit,* where there is a subsisting in-
debtedness, it is, on principle, not necessary. *Lawes* on
*Assump.* 335.

*Daggett* and *Hitchcock,* for the defendant, insisted, 1. That
in the action of *indebitatus assumpsit,* the declaration must state
the *cause* of indebtedness, to shew that it was not by deed or
specialty; to enable the defendant to know the plaintiff's

claim; and that the decision may be a bar to a future action *New-Haven,* July, 1825.

Bradley *v.* Davenport. for the same matter and thing.

2. That when the plaintiff alleges the ground of the indebtedness, it must appear to be on good and sufficient consideration. But this declaration does not aver a sufficient consideration for the defendant's promise,—whether that promise be considered as express or implied. *Lawes* on *Assump.* 63. 65. *Munson* v. *Munson,* 3 *Day* 260. *Rann & al.* v. *Hughes,* 7 *Term Rep.* 450. n. 4 *Barn. & Ald.* 271. n. 5 *Mau. & Selw.* 446.

3. That the declaration in an action of *indebitatus assumpsit* for the use and occupation of land, must shew the occupation to have been at *the request* of the defendant, or by *permission* of the plaintiff. 1 *Swift's Dig.* 687. 1 *Chitt. Plead.* 338. 1 *Wms. Saund.* 264. n. 1. *Hayes* v. *Warren,* 2 *Stra.* 933. *Comstock* v. *Smith,* 7 *Johns. Rep.* 87. In this case, the indebtedness is averred to arise out of the use and occupation of land; but there is no allegation that it was at the request of the defendant, or by permission of the plaintiff.

BRISTOL, J. The declaration contains two counts; one of which is special; the other a general *indebitatus assumpsit* for the use and occupation of land. To this declaration there is a special demurrer: and the cause of special demurrer assigned, as respects both, is, that it is not stated in either count, that the land was occupied by the sufferance or permission of the plaintiff, or at the defendant's special instance and request.

The Court are of opinion that the defect is fatal. The question on both counts is nearly the same; but as the arguments of counsel were directed chiefly in support of the general count, and as the objection made to this, if good, must be equally fatal to the other; it becomes unnecessary to notice particularly the first count in the declaration.

The argument pressed on the Court, in support of the general count, is substantially this:—that every debt arising out of a simple contract, is a good consideration for an express promise; and as the indebtedness of the defendant is alleged, a good consideration for the promise stated in the declaration.

The answer to this argument may be briefly stated. Where the indebtedness constitutes the gist of the action, and not mere inducement, it is not only necessary to state the indebtedness, but the *facts* out of which the indebtedness arises. To allege that *A.* was indebted to *B.,* and in consideration thereof pro-

*New-Haven,* mised to pay the money due, is bad pleading; and yet it might
*July,* with equal propriety be said, *here* is a debt stated, and that debt
*1825.* is a good consideration for an express promise.

*Bradley*        It has been said, that the only reason why the facts should
*v.*
*Davenport.* be stated, out of which the indebtedness originates, is, to shew
that the debt is not due by specialty or record, and to enable
the defendant to plead in bar, provided another action is
brought for the same cause.  For this purpose is cited the case
of *Hibbert* v. *Courthope, Carth.* 276.  The case referred to was
an action for work and labour done by the plaintiff for the de-
fendant, and at the defendant's special instance and request;
and the objection made to the declaration, was, that it was too
general; inasmuch as the *kind* of work and labour performed,
was not stated.  It was in reply to this objection, that the Court
observed, it was sufficient, if it appeared to the Court, that it
was not a debt on record, or specialty, but only on simple con-
tract; and any *general words* by *which that may be made to
appear, are sufficient.*  The Court, in this case, instead of dis-
pensing with such a statement of facts, as shew a debt to exist,
only allow that statement to be *general,* instead of *particular,*
as had formerly been required.  To have allowed of a general
allegation of indebtedness, without stating the facts, from which
the indebtedness arose, would have been to authorize the in-
troduction of legal inferences and conclusions, without the facts
from which they were derived.  This would be repugnant to
the first principles of good pleading.

The conciseness and brevity of the common counts, is the
best answer to those who upbraid the profession with unneces-
sary prolixity.  But there are contained in every such count,
however concise, sufficient facts, though generally stated, to
shew a valid contract, constituting in law, a debt against the
defendant; and this consequently forms a good consideration
for his promise, whether express or implied.  Now, to shew
that the defendant was indebted to the plaintiff, it is no more
sufficient to aver merely, that the defendant used and occupied
the plaintiff's land, than, in the count for work and labour to
aver, that the plaintiff had performed labour for the defendant,
without stating that labour to have been performed at the de-
fendant's request.

If the reasonableness of this doctrine should need to be
strengthened by authority,  such confirmation is fully given by

*Chitty, vol.* 2. *pa.* 5. and by the case of *Hayes* v. *Warren,* 2 *Stra.* 933.

HOSMER, Ch. J. and PETERS, J. were of the same opinion.

BRAINARD, J. was absent.