## CANFIELD *against* MERRICK:

### IN ERROR.

An action of *assumpsit* will lie against a bailiff of goods on a general promise to account.

Where the declaration, in such action, averred, that the defendant was the bailiff of the plaintiff, and as such, received his goods to sell and to account therefor; it was held, that this averment necessarily imported, that the goods were delivered at the defendant's request; or at least, that it implied a privity of contract between the parties; and thus precluded the objection of a want of consideration.

Where the declaration, in such action, stated the value of the goods received, and averred, that the defendant neglected and refused to render his account; it was held, that the defendant, being *prima facie* liable for the value of such goods, the declaration furnished a sufficient rule of damages; it being open for the defendant to show, upon the trial, a sale of the goods, in which case the sum actually due upon the settlement of the account, will furnish the rule.

Where the declaration, in such action, alleged, that the defendant promised to render his account within a reasonable time, when thereunto afterwards requested; but did not aver, that a reasonable time had elapsed, or that any request had been made; it was held, that no breach of the defendant's contract was shown.

THIS was an action of *assumpsit* on a promise to account. The plaintiff declared as follows: " That at *Bridgeport,* from the first day of *January,* 1831, until the 1st day of *July,* 1833, the defendant was bailiff to the plaintiff, and as such, received of the plaintiff goods, wares and merchandize of the value of 50 dollars, and a certain horse, the proper estate of the plaintiff, of the value of 75 dollars, to sell the same and account therefor to the plaintiff; and in consideration thereof, the defendant, afterwards, *viz.* on the day and year last aforesaid, undertook and faithfully promised the plaintiff to render his reasonable account for the said horse and said goods, within a reasonable time thereafter, when thereunto afterwards requested: Yet the plaintiff says, that the defendant, his promise and undertaking aforesaid not regarding, has never performed or kept the same, but to render his account for said horse and goods as aforesaid, has always hitherto refused and neglected, and still does neglect and refuse, to the damage of the plaintiff the sum of 100 dollars; and for the recovery thereof," &c.

To this declaration there was a special demurrer, assigning for cause, 1st, That as to the goods, wares and merchandize of the plaintiff in his declaration mentioned, and alleged to have been received by the defendant, it is not stated what was their kind, nature, quality or quantity; nor is it alleged, that the same, or any of the goods or property of the plaintiff in said declaration mentioned, were so received by the defendant, at his special instance and request; and no good and legal consideration for the promise stated in said declaration is set forth: 2ndly, That no sufficient breach of said promise is averred or shown: 3rdly, That said declaration does not contain or furnish any rule of damages.

The superior court adjudged the declaration insufficient; and thereupon the plaintiff, by motion in error, brought the record before this court for revision.

*Hamlin,* for the plaintiff in error, contended, 1. That the action was not misconceived. *Assumpsit,* on the facts stated, will lie, and is concurrent with account. The defendant is not entitled to his oath, except where account is brought. *Wilkin* v. *Wilkin,* 1 *Salk.* 9. *Topham* v. *Braddick,* 1 *Taun.* 572. *Tompkins* v. *Willshear,* 5 *Taun.* 431. S. C. 1 *Marsh.* 115. *Catlin* v. *Bell,* 4 *Campb.* 183. *Brigham* v. *Eveleth,* 9 *Mass. Rep.* 538. *Wilby* v. *Phinney,* 15 *Mass. Rep.* 120. *Pettibone* v. *Pettibone,* 4 *Day,* 175. 1 *Saund. Pl. & Ev.* 62.

2. That a sufficient consideration for the promise, appears from the face of the declaration. This is the obligation to account arising from the receipt of the goods *as bailiff.* 1 *Salk.* 9. 1 *Sw. Dig.* 581. And the objection that the goods are not alleged to have been received by the defendant, *at his request,* may be disposed of with equal facility; for if they were received by him *as bailiff,* this is *implied.* 1 *Sw. Dig.* 703. 1 *Chitt. Plead.* 338.

3. That the declaration furnishes a sufficient rule of damages, *viz.* the value of the property received by the defendant, which is stated.

4. That a breach of the promise alleged sufficiently appears. The non-performance alleged is as broad as the undertaking. 1 *Chitt. Plead.* 325, 6. But if more particularity is requisite, this should have been pointed out, by the special demurrer.

*Fairfield,*
June, 1836.

Canfield
*v.*
Merrick.

*Wheeler,* for the defendant, contended, 1. That the declaration shows no consideration for the promise stated. The having "received the goods to sell and account," imposed no legal obligation, unless they were received at the defendant's request. 1 *Chitt. Plead.* 338. 1 *Sw. Dig.* 203. A request may be implied in evidence, but never in pleading.

2. That as it is not averred that a *reasonable time had elapsed,* no breach of the promise is shown. What is a reasonable time is a matter of *fact,* to be averred and proved to the jury. 1 *Chitt. Plead.* 309. *Osborne* v. *Lawrence,* 9 *Wend.* 135. And so are all the forms. 2 *Chitt. Plead.* 111. A general demurrer reaches this defect. 1 *Chitt. Plead.* 319. *Gould's Plead.* c. 9. s. 18. Plainly, the fact that a reasonable time had elapsed, is a condition precedent annexed to the promise to account " in a reasonable time." And it makes no difference, on this point, that the words " when thereunto requested," are added ; for that request must be after a reasonable time. Nay further, on a promise to account " when requested," the contract imports an *actual* request, which should be averred, or there is no breach. 1 *Chitt. Plead.* 324.

Again ; no promise *to sell* is stated. The promise to account for the goods, means, obviously, *when sold,* and for *the avails.* But *non constat* that the goods are sold, or could be ; or that there are any avails, or that any thing is due on the account.

3. That no rule of damages is furnished. The only rule of damages on a breach of promise to account, is the *balance due* on the account. 1 *Sw. Dig.* 581. It might be the value of the goods, if the action were brought on a promise to sell and a refusal ; but when the defendant *has sold* the goods, and refuses to account, the damage to the plaintiff, is, and can be, only what he would have received, if the defendant had accounted, or what he loses by the refusal. What that is does not appear : it only appears, that by the contract it is not to be the value of the goods ; but what is good accounting, and consequently, the rule of damages, depends entirely upon the sales—upon facts not here averred, and which, therefore, cannot be proved.

4. That the action should have been account. A promise to account, by a general bailiff of goods, to sell and account, means to account *in the action of account,* and *on oath.* This is what the contract imports, both in its language and subject

matter. The powers vested in the bailiff necessarily imply a right to his oath. The parties intended it. On any other construction, a promise to account, is the same as a promise to pay ; but the defendant did not promise to pay, because the promise to account was more beneficial, conferred more power, and higher privileges ; because he wanted his oath for convenience and security ; and for these reasons, and on these conditions, he takes the goods, not to pay their value, but to account. And how he is to account, depends upon the custom of the trade ; it may be, by the delivery of other goods received in exchange.

Again ; who would ever act as bailee, if the plaintiff might at pleasure take from him a right, conferred both by the letter and spirit of the contract, and absolutely necessary to his defence ? For, without his oath, how can the defendant show the *motives* which governed him, in the exercise of that discretion which is incidental to the contract ? Why should the bailor have a power, which not only violates the contract, but is extremely injurious and unequal between the parties. Nay, further ; why does the law give the party his oath before auditors, if it is not a right incidental to the contract and the relation between the parties ? The legal import of the contract cannot depend on the form of action. The oath of the bailee is no more necessary or proper before auditors than before the jury. Either, therefore, the construction given to the contract in the action of account, is wrong, or the meaning of the contract depends on the form of action, or this action will not lie.

There are no authorities to show, that *assumpsit* will lie against a bailee, on a *general* promise to account ; but the authorities are the other way. [Here the counsel referred to, and commented on, the cases of *Wilkin* v. *Wilkin*, 1 *Salk.* 9. *Poulter* v. *Cornwall, Ib.*, *Spurraway* v. *Rogers,* 12 *Mod.* 517. *Speake* v. *Richards, Hob.* 206. *Toucey* v. *Preston,* 1 *Conn. Rep.* 175.; and cited *Grant* v. *Jackson, Kirb.* 90., *Avery* v. *Kinsman, Kirb.* 354., *Collins* v. *Phelps*, 3 *Day* 506., and *Scott* v. *McIntosh,* 2 *Campb.* 238., as express authorities for the defendant on this point.]

BISSELL, J.   A number of questions have been raised under this demurrer, which are now to be considered.

1. It is objected, that the declaration contains no averment,

that the goods were delivered at the defendant's request; and therefore, shows no consideration for his promise.

It is averred in the declaration, that the defendant was the bailiff of the plaintiff, and *as such,* received his goods to sell, and to account for the same. Does not this allegation, necessarily, and *ex vi termini,* import, that the goods were delivered at the defendant's request? Or does it not, at least, imply a privity of contract between the parties? Thus the term "*sale,*" implies a contract. And in *assumpsit* for goods sold and delivered, the omission of the words "at the special instance and request of the defendant," is not material. 2 *Chitt. Plead.* 17. note *p. Emery* v. *Tell,* 2 *Term Rep.* 28. 1 *Swift's Dig.* 703.

It may be added, that this is the usual mode of declaring in the action of account; and so are all the forms. 2 *Swift's Dig.* 564. *Wilkin* v. *Wilkin,* 1 *Salk.* 9. *Godfrey* v. *Saunders,* 3 *Wils.* 73.

The cases relied on to sustain this objection, do not apply. In *Bradley* v. *Davenport,* 6 *Conn. Rep.* 1., the only point decided was, that in *assumpsit* for the use and occupation of land, the plaintiff must aver, that the land was occupied *by his permission,* or at the request of the defendant:—In other words, that the land was not occupied tortiously, but in pursuance of a contract, either express or implied. And it will, it is believed, be found, upon examination, that all the authorities cited, proceed upon the ground, that where the *assumpsit* is founded upon a consideration past and executed, as for work and labour done, it must be averred, that the work and labour done, was performed at the request of the defendant. 1 *Swift's Dig.* 203. 1 *Chitt. Plead.* 338. *Hayes* v. *Warren,* 2 *Stra.* 933. This objection is clearly without foundation.

2. Equally unfounded is the objection, that the declaration furnishes no sufficient rule of damages. The value of the property is stated; and it is also averred, that the defendant neglects and refuses to render his account. The plaintiff cannot be supposed to know whether the property has been sold; and if sold, for how much. It is very difficult to see, under these circumstances, what rule of damages could be given, other than that which is furnished. For the value of this property the defendant is *prima facie* liable. If, however, he show upon the trial, that it has been sold, the sum actual-

Canfield
*v.*
Merrick.

ly due, upon liquidating the account, will furnish the rule. 1 *Swift's Dig.* 581.

3. It is claimed, that the action of *assumpsit* does not lie against a bailiff of goods to sell, &c., on a general promise to account. This point is too well settled, by a uniform course of adjudication, both in *Great-Britain* and in this country, to be now drawn into controversy. It can only be necessary to cite the authorities, and briefly to notice those relied on, by the defendant's counsel. Earl of *Lincoln* v. *Topliff, Cro. Eliz.* 644. *Wilkin* v. *Wilkin*, 1 *Salk.* 9. *Poulter* v. *Cornwall, Ib. Tompkins* v. *Willshear*, 5 *Taun.* 431. *Topham* v. *Braddick*, 1 *Taun.* 572. *Brigham* v. *Eveleth*, 9 *Mass. Rep.* 538. *Wilby* v. *Phinney*, 15 *Mass. Rep.* 120. *Schee* v. *Hassinger*, 2 *Binn.* 325. *Wilmore* v. *Woodbridge, Kirb.* 164. *Pettibone* v. *Pettibone*, 4 *Day* 175. *Toucey* v. *Preston*, 1 *Conn. Rep.* 175. *Swift's Dig.* 581. These authorities, and many others, which might be cited, fully establish the proposition, that the action of *assumpsit* well lies against a bailiff, who has received goods to sell and account for.

We will very briefly examine the cases which have been cited, as establishing a contrary doctrine.

The case of *Grant* v. *Jackson, Kirby* 90., has been cited. In that case, the point now under discussion was indeed made, but not decided. Nor was a decision of it necessary ; as the demurrer was sustained on the ground that the declaration was uncertain, and furnished no rule of damages.

In *Avery* v. *Kinsman, Kirby* 354., the plaintiffs alleged, that the defendant received his money for his use, and to account for in a reasonable time. The action was brought, not on the promise to account, but to pay the money ;—and it was held, by a majority of the court, (*Law*, Ch. J. and *Ellsworth*, J. dissenting,) that the action did not lie, on the ground that the defendant ought to be permitted to show, that he had laid out and expended the money according to the direction of the plaintiff; whereas in the action there brought, nothing but paying the money to the plaintiff could be a performance.— And the court say, "a promise to pay and a promise to account, are substantially different."

The *nisi prius* case of *Scott* v. *McIntosh*, 2 *Campb.* 238., is relied on.

That was an action of *assumpsit* for commissions on the

sale of goods, for money had and received, money paid, and on an account stated. The plaintiff sought to recover the balance of an account, which had been running for several years, and consisting of several thousand items. Lord *Ellenborough* did not decide, that the action would not lie. But he does say, in view of the difficulty of trying the cause by a jury, that account was the proper remedy, and that he should be warranted in stopping the trial, and requiring the plaintiff to institute a different mode of proceeding. Upon the suggestions of his Lordship, and the defendant refusing to refer, the plaintiff submitted to be non-suited. *Gibbs*, Ch. J., in commenting on this case, which was pressed upon him, in *Tompkins* v. *Willshear*, says : " A sad use is made of these *nisi prius* cases. I remember that case ; it was a case which it was impossible to try ; and there is usually a decency about counsel, which prevents them from pressing that to a conclusion, which can never be concluded."

The only remaining case is that of *Collins* v. *Phelps*, 3 *Day* 506. That was a decision of the superior court; and that by a divided opinion. The question arose upon the admission of testimony ; and was probably decided without much opportunity for reflection. But even in that case, it was held, that *assumpsit* might be sustained, upon proof of an express promise to account. And can we say, that under the declaration now before us, an express promise may not be proved ?

4. Another ground of demurrer is, that no sufficient breach is alleged : and we are of opinion, that this objection is fatal. It is stated in the declaration, that the defendant promised to render his account in a reasonable time, when thereto afterwards requested ; but the pleader does not aver, that a reasonable time has elapsed, nor does he allege any request. Now, it would hardly seem to require the aid of authorities to prove, that *no breach* of the defendant's contract is shown. And it would seem equally clear, that without showing that the defendant has broken his contract, the plaintiff shows no right of recovery.

In *Langley* v. *Sturtevant*, 7 *Pick.* 215., it was held, that an action does not lie against a factor for not accounting, until demand made, unless he unreasonably neglect to render his account. And in *Osborne* v. *Lawrence*, 9 *Wend.* 135., it was held, that where no time for the performance of a contract is

specified, it should be averred, that it was to be performed in a reasonable time or upon request;—and that such request has been made, or reasonable time elapsed; and that reasonable time or not, is a question for the jury, under the direction of the court. These authorities are entirely decisive of the question. See also *Lawes* 232 to 239. 1 *Chitt. Plead.* 309. 329. *Com. Dig. tit.* Pleader. *C.* 47. *Charnley* v. *Winstanley,* 5 *East* 266. Upon this objection, we are of opinion, that the demurrer is well taken, and that there is nothing erroneous in the judgment of the superior court.

The other Judges concurred in this opinion.

Judgment affirmed.