HENRY R. ANDREWS vs. HUDSON J. THAYER AND ANOTHER.

An allegation in a declaration that "the defendants *heretofore* did seize" &c., is not a sufficient allegation of the time when the acts were done.

Special demurrers are an established part of our practice, and are not affected by the statute which provides that no pleading shall abate or be reversed for mere circumstantial defects, if the person and cause can be rightly understood.

TRESPASS de bonis asportatis; brought to the City Court of the city of Waterbury.

The declaration alleged "that heretofore the defendants with force and arms, at &c., did seize, take, and carry away from and out of the possession of the plaintiff, one horse, of the value of three hundred and fifty dollars." The defend-

ants demurred specially to the declaration, assigning as cause of demurrer "that the plaintiff has not alleged, or shown in his declaration, the day or time when the said several acts of trespass in the said declaration alleged and supposed to have been committed, or any of them, were done and committed, and that it does not appear in or by the said declaration on what day, or what month, or in what year, the defendants committed the several supposed trespasses therein mentioned or any of them." The court (*Fields, J.,*) held the declaration insufficient and rendered judgment for the defendants. The plaintiff then brought a writ of error to the Superior Court in New Haven County, which court reserved the case for the advice of this court.

*O'Neil,* for the plaintiff in error, cited as to the sufficiency of the allegation, 1 Chitty Pl., 258, 259; *Atkins* v. *Warrington,* 1 Chitty Pl., note *k* on page 258 of 11th Am. edition; *Tucker* v. *Webster,* 10 Mees. & Wels., 376; *Yorston* v. *Fether,* 14 id., 851; *Bird* v. *Caritat,* 2 Johns., 342; Gould's Pl., ch. 3, §§ 63, 64; id., ch. 9, §§ 16, 17, 18; and as to the statute healing circumstantial defects, *Berry* v. *Osborn,* 28 N. Hamp., 279; *Bean* v. *Green,* 4 Cush., 279; *McClennan* v. *Codman,* 22 Maine, 308; *Wilcox* v. *Chambers,* 34 Conn., 179.

*Fenn,* for the defendants in error.

PARK, J. It is an elementary principle of the law of pleading that there must be an allegation in the declaration of the time when any material or traversable fact took place. If no time should be stated the declaration would be ill on demurrer. 1 Swift Dig., 601, 603, 640, 652, 651, 702; *Story* v. *Barrell,* 2 Conn., 665.

The allegation in the declaration "that the defendants *heretofore* did seize &c.," cannot be regarded as a sufficient allegation of the time when the trespass took place. It is in fact no allegation of any time. The word *heretofore* simply denotes time past in distinction from time present or time future. It is only one of the three great divisions into which all time is divided by grammarians, time past, time present,

and time future. The use of the past tense by the declaration in the averment that the defendants " *did* seize, take and carry away" the property described, " and *converted* and *disposed* of the same," denote precisely the same thing. They represent that the transactions took place in time past, and they are equally as specific as the word *heretofore* regarding the time when the defendants did the acts complained of. It must be conceded that there is as distinct a designation of time in this declaration without the word *heretofore* as with it, and the word might as well have been omitted. It follows therefore, if the allegation of time in this declaration is sufficient, that in no case whatsoever can the allegation be insufficient, for every declaration necessarily must allege the acts complained of as having been done in time past. We are satisfied therefore that the allegation is insufficient. 3 Chitty's Pleading, 1248, 1250.

The plaintiff further claims that the statute which provides that " no writ or pleading shall be abated, set aside, or reversed for any kind of circumstantial errors or defects, if the person and cause can be rightly understood," ( Gen. Statutes, tit. 1, sec. 90,) practically sets aside special demurrers. But that statute was never designed to affect demurrers. It has been in existence nearly two hundred years, and has been preserved unaltered during this long period of time, though revision after revision of the statutes has been made and scores of cases have been tried in the higher courts upon special demurrers, no question being made but that such pleas were proper. The following cases seem fully to recognize the propriety of special demurrers, and virtually decide the question against the plaintiff. *Bradley* v. *Davenport*, 6 Conn., 1.; *Kilbourn* v. *The State*, 9 Conn., 560 ; *Canfield* v. *Merrick*, 11 Conn., 425 ; *Holly* v. *Brown*, 14 Conn., 255; *Hotchkiss* v. *Butler*, 18 Conn., 286 ; *Darrow* v. *Langdon*, 20 Conn., 288; *Raymond* v. *Sturges*, 23 Conn., 134 ; *State* v. *Miller*, 24 Conn., 522 ; *Taylor* v. *Knapp*, 25 Conn., 510 ; *Havens* v. *Hartford & N. Haven R. R. Co.*, 26 Conn., 220 ; *Same* v. *Same*, 28 Conn., 69 ; *Church* v. *Meeker*, 34 Conn., 421.

We therefore advise the Superior Court that there is no error in the judgment complained of.

In this opinion the other judges concurred.