GUSTAVUS S. BEAN *vs.* ARIEL S. AYERS, *et als.*

Penobscot. Decided February 7, 1878.

*Exceptions. Trial. Words, "thereupon." Pleading.*

A party in whose favor a ruling has been made at *nisi prius*, exceptions thereto having been taken by the other side, may, upon his own motion and with the permission of the court, waive the ruling in his favor and have the exceptions sustained at *nisi prius*, without carrying them to the law court.

After a demurrer to a declaration has been filed and sustained and a new declaration by leave of court filed upon payment of costs, the case is then ready for further proceedings or trial, and neither side is entitled to postponement or delay except in the discretion of the court.

A venue is sufficiently alleged in a declaration where the agreement in suit with the prefix of "Penobscot ss." is declared upon *in hæc verba*, the count upon it

alleging that the property sued for was situated, (when attached and delivered to the defendants as keepers for the plaintiff as an officer) in Penobscot River, "in Penobscot county."

The word "thereupon" in a declaration may be taken to mean "in consideration thereof," where the connecting matter would seem to require such an interpretation.

The declaration alleges that the plaintiff, an officer, attached property and delivered it to the defendants, and that thereupon the defendants executed and delivered to the plaintiff an agreement, the declaration then setting out the agreement in its exact words and figures, but not according to its legal effect, and it is then averred that the defendants became liable thereby to return the property on demand or to indemnify the plaintiff. *Held*, on special demurrer, that the declaration was bad in point of form. No promise, but only the written evidence of a promise, is alleged.

The error is not cured by the allegation that the defendants thereby became liable to return the property. This is an averment of law and not of fact. It is the plaintiff's conclusion or inference of law from the facts previously alleged.

Special demurrers are not practically abolished by our statute of amendment, which provides that no process shall be abated, arrested or reversed for want of form. Bad pleadings are not thereby to stand as if good, but they are to be corrected and made good by amendment.

ON EXCEPTIONS.

CASE upon the defendants' accountable receipt for 1945 spruce and hemlock logs attached by the plaintiff, as a deputy sheriff, upon certain writs, of which that in *Sheridan* v. *Ireland*, 66 Maine, 65, was one. The writ in this case is dated November 23, 1876, and was entered at the January term, 1877, when the defendants filed a general demurrer to the declaration, which was joined by the plaintiff and overruled by the court. The defendants filed exceptions.

Under the entry of the exceptions on the docket, the court ordered the entry: "To be argued in thirty days by the defendants or else judgment for the plaintiff." Arguments were furnished accordingly, but were not sent around to the justices of the law court.

On the first day of the April term, 1877, upon the consent of the plaintiff's counsel that the exceptions be sustained, and without the consent of the defendants' counsel, the presiding justice ordered the entry to be made on the docket: "Exceptions sustained." On the second day, against the defendants' objection,

the justice allowed the plaintiff to amend his writ by filing a second count, setting out that the plaintiff was a deputy sheriff; that as such by virtue of seventeen certain writs, dated August 14, 1872, returnable to the supreme judicial court then next to be held, &c., on the first Tuesday of October, 1872 ; in which writs the following named persons were plaintiffs and Daniel E. Ireland of, &c., and certain logs then in Penobscot river in said county were defendants, giving the names, the first of which was John Sheridan.  The declaration then sets out that the plaintiff attached the logs, and at the request of the defendants delivered the logs to them, "and thereupon the said defendants executed under their hands and delivered to the plaintiff an agreement in words and figures as follows, to wit :  "Penobscot ss. August 23, 1872."  Then follows the receipt, *ipsisimis verbis,* closing with the signatures.  Then follows :  "Whereby the said defendants then and there became liable to return said logs to said plaintiff on demand, or on failure so to do, indemnify and save harmless," &c., but not alleging any promise..  Then follows an averment of the entry of the writ, the recovery of the judgments, the demand and refusal to return the logs and failure to save harmless, to the damage, &c.

To this new declaration, the defendant demurred specially, assigning for causes :

"First, that no venue or place is alleged in the said new declaration, where the said agreement therein set forth, was made by the said defendants with the said plaintiffs, or where the said causes of action therein stated, or any of them, are supposed to have accrued.

"Second, that no consideration is alleged in said new declaration, according to the settled and established form of expression and practice, or in any way alleged therein, for said agreement therein set forth as made by the said defendants, with said plaintiff, or for the said causes of action or any of them set forth in said new declaration, and claimed by said plaintiff therein against said defendants.

"Third, that the legal purport and effect of said agreement set forth in said new declaration as made by said defendants with said

plaintiffs, is not directly alleged in said new declaration, but that the said agreement is therein improperly set forth in words and figures, and that the liability and promise of said defendants thereon, by recital and reference, is in form and manner improperly, circuitously, indirectly, argumentatively and insufficiently alleged and set forth. And also that the said new declaration is in other respects uncertain, informal and insufficient."

The presiding justice after joinder overruled this demurrer and adjudged the new declaration or second count good; and the defendants alleged exceptions.

*W. S. Clark*, for the defendants.

*L. Barker, T. W. Vose & L. A. Barker*, for the plaintiff.

PETERS, J. The two questions first presented in the exceptions arose in this way: A demurrer was filed to the plaintiff's declaration and overruled. The defendants excepting to the ruling, the case was marked law. At the next term of the court, (at *nisi prius*) and before the case was considered by the law court, at the instance of the plaintiff and with the consent of the justice presiding, an entry was made upon the docket that the defendants' exceptions were sustained and the declaration adjudged bad. The plaintiff then amended his declaration upon the payment of costs, and at his request the cause was ordered to be in readiness for trial or further proceedings at the same term, both rulings of the court being objected to by the defendants.

We think the plaintiff had the right to have the entry made, the court assenting. The act was no more nor less than a waiver by the plaintiff of a previous ruling in his favor. There was no possible use in going above to have exceptions sustained when the same result was tendered below. This point places the defendants in the inconsistent attitude of opposing the doing of that which they were seeking to have done.

To our minds, the other objection is not well taken. The statute provides that, "at the next term of the court in the county where the action is pending, after a decision on a demurrer has been certified, by the clerk of the district to the clerk of such

county, and not before, judgment shall be entered on the demurrer, unless the costs are paid, and the amendment or new pleadings filed on the second day of the term." This provision does not apply in favor of these defendants. It only reaches the condition of the plaintiff. The section of the statute allowed the plaintiff time and opportunity to amend his declaration upon payment of costs. He could take all the time allowed or not as he pleased. It is the defeated party only who needs the grace extended by the statute. Judgment shall be entered "on the demurrer" if he does not comply with the conditions imposed upon his right to proceed. Here no certificate had come or was to come from the law court. The necessity of it had been obviated. The conditions having been complied with by the plaintiff, the cause was then in a position for further trial, neither side being entitled to delay as a matter of strict legal right.

The plaintiff having amended his declaration, and the defendants being ordered to again proceed, they demurred specially to the new declaration. This, as amended, counts upon a receipt given to the plaintiff, an officer, for the safe keeping of property attached by him on certain writs. The objections set down for demurrer are : That no venue is alleged; that no consideration for the undertaking of the defendants is set out ; that the operation and effect of the written contract is not directly averred in the declaration ; and that reciting (as here) a written contract in its precise words and figures instead of declaring upon its legal force and effect is improper pleading.

Is a venue alleged ? In the contract, recited in the declaration *in hæc verba*, the prefix "Penobscot ss." appears at its head, signifying the official character of the document. The count declares that the logs were attached in Penobscot river in "Penobscot county" by an officer of the county. No other place is named therein. This is enough. The objection is of only a formal and most technical kind. A venue was originally employed to indicate the county from which the jury was to come. With us that is a matter regulated by law. In the early days of the law it was not the practice to aver a venue in Massachusetts. (See 5 Mass. 96). Still, it is to be confessed that the allegation of the venue

gives symmetry and dress to the forms employed by the pleader, and its use is to be commended.

The necessity of stating a venue, even as a matter of form, is rather reluctantly confessed by the authorities. It is enough to name a place in the county without naming the county. *Martin* v. *Martin*, 51 Maine, 366. Or the county only may be named without naming any place within the county, whenever, as here, the jurors are to be awarded *de corpore comitatus*. Bac. Ab. Visne or Venue ; and cases there collected. The statement of only the county is not enough, however, where the place at which the alleged act is done gives to a particular plaintiff or against a particular defendant the right of action. *Vide* authorities already cited. When a venue is once stated, all matter following is drawn to it and qualified by it. And it may be laid upon the margin of the declaration or be stated in the body of it. *Slate* v. *Post*, 9 Johns. 81. Many cases to this effect may be found in the later editions of Chitty's Pleadings, in the notes. In *State* v. *Corson*, 10 Maine, 473, 476, it was held a venue was sufficiently stated in a declaration in *scire facias* on a recognizance in a criminal case, by an allegation therein that the respondent was ordered by the magistrate to appear before the court of Common Pleas ·for "Penobscot county."

The next objection is, that no consideration is alleged. If this defect exists, the objection is fatal as a matter of substance. The consideration need not be directly averred, if necessarily implied from all the averments. The plaintiff declares that he delivered the logs attached to the defendants at their request and that "thereupon" the defendants delivered their agreement to the plaintiff. The word "thereupon" undoubtedly has different meanings. The defendants contend that in this declaration it is used merely to mark the succession of facts in the order of time. We think, however, it may fairly be considerered as referring to the reason of the promise of the defendants.

We find more difficulty upon the more prominent point of objection, that the contract is set out in its entire words and figures and not according to its legal effect. No doubt, it is much the better practice to set out an instrument, not by its form and

its terms, but according to its legal operation and effect. But there is no imperative rule against reciting an instrument *in hæc verba* in pleadings. A declaration will not be rejected on that account, provided that upon all the averments and recitals taken together a good cause of action is sufficiently stated. It is an objectionable mode of pleading where it involves a needless and unnecessary statement of facts. A demurrer, however, does not reach that difficulty. A demurrer complains of too little and not too much matter in a declaration. The maxim *utile per inutile non vitiatur* applies. The remedy may be to move to strike out or reduce useless and redundant allegations. Upon inspection, the court may order it to be done.

But the point here urged is, that the recital of the contract is not accompanied with averments enough to constitute a legal declaration. The weakness in the declaration is that, although an action of assumpsit, no promise is directly and positively asserted therein, but it is stated argumentatively and only inferentially, if at all. The plaintiff declares that the defendants executed under their hands and delivered to him an agreement. He does not say that they made any promises in accordance with such agreement. He does aver that thereby the defendants became liable to perform the agreement described in the declaration. But that is an allegation of law and not of fact. It is the pleader's inference of law from the facts previously stated. Gould Pl. c. 9, § 29. *Millard* v. *Baldwin,* 3 Gray, 484. Nor does a demurrer admit a mere statement of a conclusion of law from the facts averred. Chitty Pl. 2 vol. 18th Am. ed. 694, and notes. *Chapin* v. *Curtis,* 23 Conn. 388. *Craft* v. *Thompson,* 51 N. H. 536. The contract itself should have been averred, and not merely the written evidence of the contract. The facts are not averred, but the written evidence of the facts only is averred. The writing is a matter of evidence, and not a matter of allegation. It is evidence, but not conclusive evidence, of an undertaking and promise. It may have been obtained by fraud or mistake; in which case it contains no legal promise. The general issue in assumpsit is that the defendant never promised. That plea would not strictly raise an issue here, for the plaintiff does not assert that these defendants ever

did promise. The plaintiff avers that he has a written evidence of promise, and a general denial would be that he has not.

The authorities are many that support this view. We quote from a few of them. Chitty says : "The principal rule, as to the mode of stating the facts, is, that they must be set forth with certainty; by which term is signified a clear and distinct statement of the facts which constitute the cause of action or the ground of defense." All the writers upon the subject of pleading at common law say the same thing. Here a material fact is not affirmatively stated. Chitty Pl. Declaration.

In *Watriss* v. *Pierce*, 36 N. H. 232, it was decided that a replication was bad which traversed no fact alleged in a plea, but which was mostly a statement of facts which would in evidence tend to prove a point had it been properly pleaded, because it offered no issue by the finding of which the case could properly be determined. Bell, J., says: "The facts essential to a defense must in general be expressly and substantially alleged. The statement of mere evidence tending to prove a material fact is not sufficient. Such a mode of pleading, if admitted, would refer the matter of fact in question to the court instead of the jury. Thus, if in trover the plaintiff allege a demand and refusal, but omits to aver a conversion, the declaration is ill, the demand and refusal being only evidence of a conversion, which is the gist of the action." See the numerous cases cited in the opinion in that case.

In *Hughes* v. *Wheeler*, 8 Cow. 77, it was held that a plea by a defendant that he had given the plaintiff his (defendant's) note for the demand in suit, which he accepted, was bad in substance. He should have given the note in evidence under the general issue. *Church* v. *Gilman*, 15 Wend. 656, was a case calling for the decision of a similar question. There the rejoinders recited the facts at large. The opinion declares that "facts, and not the evidence of facts, must be pleaded, or the pleading will be held bad as argumentative." It is further said : "The rejoinders are all argumentative. The defendant has pleaded the evidence of the fact of delivery, instead of the fact itself, and for that cause the rejoinders are bad." In *Fidler* v. *Delavan*, 20 Wend. 57, the court say : "Another defect is, that the evidence of the facts charged is

spread out in the plea instead of the facts themselves. This is a violation of one of the first rules of pleading, which requires a statement of the facts constituting the plaintiff's cause of action or the defendant's ground of defense. A plea should be direct and positive and not by way of rehearsal or argument, which leads to prolixity and expense."

In *Palister* v. *Little*, 6 Maine, 350, the question here presented was virtually decided favorably to the present defendants; and in *McLellan* v. *Codman*, 22 Maine, 308, the decision of a similar question was the other way, upon the ground that the demurrer there was general and not special, the court admitting the principle. *Vide*, also, the following authorities: *Steuben Co. Bank* v. *Mathewson*, 5 Hill, 249. *Colvin* v. *Burnet*, 17 Wend. 564. *Dyett* v. *Pendleton*, 8 Cow. 727. *Willard* v. *Williams*, 7 Gray, 184. Story Eq. Pl. § 241.

Special demurrers are not practically set aside by § 9, c. 82, R. S., which provides that no process shall be abated, arrested, or reversed for want of form only, and allowing amendments liberally. The idea of the statute is, not that bad pleadings shall stand as good, but that they may be corrected and made good by amendment. Special demurrers have been often entertained, although the statute has been in existence ever since we were a state. We concur with the opinion expressed by the court of Connecticut, (*Andrews* v. *Thayer*, 40 Conn. 156) upon a statutory provision substantially like our own. The opinion there states: "That statute was never designed to affect demurrers. It has been in existence nearly two hundred years, and has been preserved unaltered during this long period of time, though revision after revision of the statutes has been made and scores of cases have been tried in the higher courts upon special demurrers, no question being made but that such pleas were proper."

The objection of reciting the evidence instead of stating its effect in a declaration, of course, does not present the practical difficulty in this case that it might in other cases; but the principle is the same. No amendment is moved for. Whether we could allow an amendment before decision upon a special demur-

rer or not, we need not now determine. Section 19, c. 82, applies in terms to a general demurrer.

*Demurrer sustained.* ·

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.