MICHELE FRARACCIO *et al. vs.* PROGRESS ICE CREAM
COMPANY, INC.

JULY 26, 1950.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This action of the case in assumpsit for use and occupation of certain premises located at 12 Pocasset avenue in the city of Providence in this state was heard before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiffs for $669.99. Thereafter each party filed a motion for a new trial and each motion was denied. The defendant then filed a bill of exceptions, but apparently has briefed and argued only the exception to the denial of its motion for a new trial. All other exceptions therefore are deemed to be waived.

The evidence discloses that the parties entered into a written lease of the premises involved herein, said lease beginning on December 1, 1943 and ending December 31, 1945. The rent for the first year was $50 per month until December 1, 1944, and $55 for each month thereafter, pay-

able monthly in advance. In September 1945 the parties agreed that the rent for the premises was to be $700 for the next year and this sum was paid by the defendant and accepted by the plaintiffs. After payment of the $700 for the year 1946, defendant's attorney prepared new leases and after execution by defendant presented them to plaintiffs for their signatures. They refused to sign said leases and in September 1946 plaintiff Michele Fraraccio notified defendant that the rent would be $150 per month beginning January 1, 1947. Defendant informed him that it would "get out" because it could not afford that amount. On December 9, 1946 plaintiffs notified defendant in writing to vacate the premises at the end of the current term on December 31, 1946. It is agreed by the parties that defendant remained in the leased premises until July 1, 1947 and is indebted to plaintiffs for rent or for use and occupation from January 1 to July 1, 1947.

On December 20, 1946 defendant brought a bill of complaint against plaintiffs and alleged therein that it was a tenant from year to year and all other pertinent facts that were presented through evidence as a defense in the instant case. Upon the filing of this bill an order was entered restraining plaintiffs from prosecuting an action at law to recover possession of the premises in question. After hearing, the restraining order was vacated and the prayer for preliminary injunction was denied.

Plaintiffs then brought an action of trespass and ejectment against defendant in the district court and after a hearing decision was entered for the plaintiffs for possession and costs. An appeal to the superior court was taken by defendant, and by stipulation dated June 27, 1947 it submitted to decision for the plaintiffs for possession and costs.

In the instant case defendant, while admitting liability for rent from January 1 to July 1, 1947, contended that it was not a trespasser but was a tenant from year to year by virtue of holding over after the expiration of the two-year lease and also by reason of occupancy under the

hereinbefore-mentioned lease which the plaintiffs refused to sign. On such a premise it urged that as a tenant from year to year it was entitled to three months' notice to quit and that in any event its liability should be limited to the amount for rent agreed upon in such lease.

We are of the opinion that such contentions are without merit and further that a defense based thereon is not available to the defendant in the circumstances of the instant case. The status of the defendant was res judicata by reason of the decisions both in the equity suit and the trespass and ejectment action referred to above. In both actions it set up the same defense which is interposed here, and in both cases the finding was in effect that it was a tenant for a definite term and was holding over as a trespasser and not with the consent of the plaintiffs.

In these circumstances plaintiffs are entitled to maintain their action for use and occupation, and recovery is not necessarily limited to the terms of the second purported lease between the parties. Plaintiffs are entitled to recover the reasonable value of the premises for the time during which defendant was holding over as a trespasser after the expiration of the lease.

Although the reasons assigned above are decisive of the case, we are also of the opinion that in any event defendant's exception is without merit for the additional reason that, after careful consideration of the transcript and the decision of the trial justice on defendant's motion for a new trial, we cannot say that such decision was clearly wrong. In these circumstances we cannot disturb his decision.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Joseph Mainelli,* for plaintiffs.

*DiMascolo & DiPetrillo, Anthony DiPetrillo, McGuirk & Martin, James A. McGuirk,* for defendant.