## Schenectady Discount Corporation *v.* Lawrence L. Matt et al.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 13-624-694

Argued April 27—decided June 26, 1964

*Jerome M. Griner,* of Hartford, for the appellant (plaintiff).

*Benjamin M. Sackter,* of Hartford, for the appellees (defendants).

JACOBS, J. The plaintiff corporation instituted this action to recover the reasonable value of the use and occupation of a mobile home or trailer acquired by it through an assignment.

The facts do not require extended discussion. On July 24, 1961, Mobile Homes of New England, of Warehouse Point, Connecticut, and the defendants, of Willimantic, Connecticut, entered into a retail instalment contract by the terms of which Mobile Homes sold to the defendants a new 1961 "Skyline"

mobile home. The time balance, including various charges, amounted to $9015.72, payable in eighty-three equal monthly instalments of $108 and a final instalment of $51.72, "the first [instalment] to be paid on August 24, 1961, and one instalment on even date of each successive month until paid in full." Title to the vehicle was reserved to the seller. The contract further provided that "[i]n the event of default or the breach of any undertaking of or conditions to be performed by the buyers: (1) the entire balance of the purchase price shall, at the option of the seller, become immediately due and payable; and (2) the buyers agree upon demand to deliver the vehicle to the seller, or the seller may, with or without legal process, take possession of the same, together with anything therein, and the seller may make such disposition of the vehicle as it shall see fit, retaining all payments made; the seller may in its discretion subject to any applicable provisions of the law, sell the vehicle with or without notice, at public or private sale, and may purchase the vehicle at such sale. While removing the vehicle from point of repossession to the seller's place of storage, seller may use buyers' license plates." The defendants defaulted in the payment which fell due on November 24, 1961, and continued to be in default until March 23, 1962, at which time they vacated the trailer and surrendered possession to the plaintiff.

At the outset, we point out that it is unnecessary for us to consider the applicability of the Uniform Commercial Code because the transaction involved in this case antedated the effective date of the code.[1] Nor is it necessary for our purposes to consider the provisions of chapter 733 of the General Statutes, entitled "Retail Instalment Sales Financing," since we assume that the aggregate cash price exceeded

---

[1] The Uniform Commercial Code became effective on October 1, 1961. General Statutes § 42a-10-101.

the limits as defined in § 42-83.[2] In these circumstances, we need only concern ourselves with the interpretation of the contract itself to determine whether the plaintiff is entitled to the relief sought in its complaint.

As we view this case, then, the sole question presented for our determination on this appeal is whether the plaintiff may recover for use and occupation of the trailer during the period in which the defendants were in default. "Recovery under that theory is predicated upon a contractual relationship between the parties. *Canfield* v. *Merrick,* 11 Conn. 425, 429; *Bradley* v. *Davenport,* 6 Conn. 1, 4." *Chapel-High Corporation* v. *Cavallaro,* 141 Conn. 407, 412. "To sustain an action for use and occupation, it is said with great frequency, the relation of landlord and tenant must exist between the parties . . . ." 2 Tiffany, Landlord and Tenant § 304; see 2 McAdam, Landlord and Tenant (5th Ed.), p. 1193. The principle is immutable that an action for use and occupation is available to the owner of land against an occupier only where the relation of landlord and tenant exists by virtue of a contract, express or implied. *Carpenter* v. *United States,* 84 U.S. (17 Wall.) 489; *Hamby* v. *Wall,* 48 Ark. 135, 138; *Emerson* v. *Weeks,* 58 Cal. 439, 441; *Barnes* v. *Shinholster,* 14 Ga. 131, 133; *Richmond & Lexington Turnpike Road Co.* v. *Rogers,* 70 Ky. (7 Bush) 532, 534; *Aull Savings Bank* v. *Aull,* 80 Mo. 199, 201; see also Ames, "Assumpsit for Use and Occupation," 2 Harv. L. Rev. 377, 380.

Neither do "[t]he facts found by the court relating to what took place between the plaintiff and the

[2] Under Public Acts 1959, No. 589, § 2 (as amended § 42-83 [b]), which was applicable to this action, "'[g]oods' means all chattels personal included in one retail instalment contract or instalment loan contract and having an aggregate cash price of six thousand dollars or less . . . ."

. . . [defendants] establish any contract, express or implied, for the payment of rent" *(Chapel-High Corporation* v. *Cavallaro,* supra) nor are we able to discover any provision in the instalment contract which even remotely suggests such an agreement between the parties. We find nothing in *Smith* v. *Smith,* 5 Ill. App. 2d 383 (tenancy relationship), *McFarland* v. *Stewart,* 142 Me. 265 (tenancy at sufferance), *Silverberg* v. *Kramer,* 34 Ohio Op. 145, 150 (breach of contract affecting use and occupation), *Fraraccio* v. *Progress Ice Cream Co.,* 77 R.I. 315 (landlord-tenant case), and *Bryne* v. *King,* 13 Fayette L.J. 139 (Pa. C.P.) (occupier of real estate without right), all cited in the plaintiff's brief, which contravenes the historic rule that an action "for use and occupancy, was limited to cases where a landlord-tenant relationship existed." 6A American Law of Property, p. 43. The trial court could reach no other conclusion than that "[t]he contract entered into by the [parties] . . . does not provide or give to the plaintiff a right to collect rent, or rental value, for the trailer" during the period in which the defendants were in default.

Recovery under the second count of the complaint, based on the theory of unjust enrichment, cannot be considered because the matter was not touched upon or pursued in the brief. It must be regarded as having been abandoned. *Martino* v. *Grace-New Haven Community Hospital,* 146 Conn. 735, 736.

There is no error.

In this opinion DEARINGTON and KINMONTH, Js., concurred.