LEWIS and wife *against* BABCOCK.

THIS was an action of trespass, and assault, &c. The declaration, after stating, that the defendant drove a sleigh, on the highway, with great force and violence against the sleigh in which the plaintiff, *L.*, and his wife, were riding, and run one of the shafts of the defendant's sleigh, into the plaintiff's sleigh, and struck his wife, and broke her arm, &c., added " whereby also, during all that time, he, the said *H. L.*, was deprived of all the comfort, benefit and assistance of the said *N.*, his wife, in his domestic affairs, which he might, and otherwise would have had; and thereby, also, he, the said *H. L.*, was then and there forced, and obliged

ALBANY,
January, 1821.

LEWIS
v.
BABCOCK.

to pay, lay out and expend, and hath necessarily paid, laid out and expended, divers sums of money, in the whole, amounting to 500 dollars, in and about endeavouring to heal and cure the said *N.*, his wife, of the sickness, soreness, lameness and disorder aforesaid, occasioned by the assault, beating, &c. aforesaid." The defendant pleaded not guilty. On the trial, the jury found a verdict for the plaintiffs, generally.

The defendant moved in arrest of judgment, on the ground, that the declaration contained a substantive cause of action for the husband alone, and which is material to the damages, and which ought not to have been joined with the assault and battery of the wife.

*Kirkland,* for the defendant. He cited, 1 *Chitty Pl.* 61. 2 *Chitty Pl.* 374. notes *o. r. Lord Raym.* 1208. 1031. 1381. 2 *Johns. Cases,* 17.

*Campbell,* contra, cited 1 *Salk.* 119. *Lord Raym.* 1031. S. C. 2 *Str.* 1094. and relied on *Russell* and *Corne,* as in point. *Holt,* Ch. J., in that case, said, that he would not intend that the judge allowed any evidence to be given as to the special damage to the husband. *Chitty (on Pl.* 62.) says, though the declaration would be bad on demurrer, it is good after verdict.

*Per Curiam.* There is no doubt, that upon *demurrer,* the objection would prevail; but we incline to the opinion, that it is not good, in arrest of judgment.

*Chitty* says, (1 *Chitty Pl.* 61.) " if the action be brought for the personal suffering, or injury of the wife, the declaration ought to conclude to *their damage,* (husband and wife,) and not to that of the husband alone, for the damages will survive to the wife, if the husband die before they are recovered; and care must be taken not to include in the declaration any statement of a cause of action, for which the husband alone ought to sue." In *Russell and wife* v. *Corne,* (1 *Salk.* 119. and note,) the husband and wife sued for the battery, and false imprisonment of the wife, *per quod, the husband's business remained undone.* And after verdict, there

was a motion in arrest of judgment; but *Holt*, Ch. J. said, "I will not intend the judge suffered, that to be given in evidence;" and the plaintiffs had judgment. (2 *Lord Raym.* 1031. 2 *Chitty on Pl.* 374. notes *o*, and *r*. *Smalley* v. *Kerfoot and wife*. *Stra.* 1094.) In *Todd and wife* v. *Bedford*, (11 *Mod.* 261.) for assaulting the wife, and driving a coach over her, and *that the husband laid out money in her cure*, a motion in arrest was denied. It seems, after verdict, that where there is a proper cause of action in the wife, though circumstances are added, which are actionable by the husband only, the declaration is good by husband and wife; and the additional circumstances are only regarded as matter of aggravation. In *Staunton and wife* v. *Hobart*, (*Sid.* 224. *Keb.* 784.) trespass for beating the wife, and tearing her coat, *ad damnum ipsorum*, was held bad *after verdict*. But that ancient case stands opposed by a current of subsequent decisions, which are reviewed in the notes to *Russel and wife* v. *Corne*, (1 *Salk.* 119. 6th ed. by *Evans*.)

Upon the whole, we think the plaintiffs are entitled to judgment on the verdict.

ALBANY,
January, 1821.

Judgment for the plaintiffs.