## B. and J. Q. AYMER vs. GAULT and M'NAMARA.

Where a bill of interpleader is properly filed, the complainant is entitled to his costs out of the fund.

In suits pending at the time the revised statute went into operation, the rights of the parties remain unaltered; but the remedy must be pursued according to such statutes, as far as is possible without impairing the right.

Where the defendants in a suit are not personally served with process and do not appear, a reference must be made to a master to take proof of the facts and circumstances stated in the bill before a decree can be made.

Where a bill of interpleader is filed against two defendants, and one of them is not personally served with process and does not appear, and the bill is taken as confessed against him, the defendant who appears will not be entitled to the possession of the fund until the expiration of the time limited by the statute for the other defendant to appear, unless he gives security to re-pay the fund in case the other defendant appears and establishes his right to the same.

July 6th.

THIS was a bill of interpleader filed against the defendants to compel them to litigate and settle their claims to $1000 left in the hands of the complainants, for which the following receipt was given: "Received from Peter M'Namara of the city of St. Johns, New-Brunswick, one thousand dollars, to satisfy any legal claims that Mr. Archibald Gault of the said city may have against the said Peter M'Namara. And if any difficulty should arise between the said parties, they are to leave their claims to the decision of Messrs. Crookshanks and Walker of said city, or any other two persons said parties may appoint; and he will pay the said Pe-

ter M'Namara or his order the amount of $1000, within twelve months from this date or sooner, if terminated to the satisfaction of said parties. New-York, January 24th, 1828. *B. Aymer & Co.*"

The defendant Gault, who resides at New-Brunswick, wrote to the complainants, in March and May, 1828, informing them that M'Namara refused to submit the claim to arbitrators as specified in the receipt, and requesting the complainants not to pay over the money to him until their accounts were adjusted. After the expiration the twelve months mentioned in the receipt, M'Namara insisted upon his right to the $1000; and the claims of Gault remaining unadjusted, the complainants filed this bill to enable them to pay over the money to the party entitled thereto, and to be indemnified against the claims of both. M'Namara put in an answer denying all indebtedness to Gault, and claiming the money in the hands of the complainants. Gault being a non-resident, the bill was taken as confessed against him, in February, 1830, for want of his appearance in pursuance of an order made in May of the preceding year, and published in the usual manner. The cause was submitted on pleadings and proofs as against M'Namara.

*D. Lord, junior*, for the complainants.

*C. O'Conner*, for the defendant M'Namara.

THE CHANCELLOR. The bill in this case is properly filed, and the complainants are entitled to their costs out of the fund. They were strictly stake holders, and could not with safety have paid this money to either of the defendants. They have acted with perfect good faith, and are entitled to the protection of this court. If the bill had been taken as confessed against Gault on a personal service of the subpœna, or before the revised statutes went into operation, it would have been a matter of course to decree the fund to the other defendant, with costs over against Gault. Such will still be the decree, after complying with certain formalities required by the revised statutes, if the facts stated in the complainant's bill are established before a master. In suits which

were pending at the time the revised laws took effect, the rights of the parties must remain as they then existed ; but the remedy, so far as relates to the practice of the court and the manner of ascertaining that right, must be according to the new law, as far as the proceedings can be made conformable thereto without impairing the right. (4 Wendell's R. 206, 220, 211.) In the case of absentees, by the former practice of the court the bill taken as confessed for want of an appearance was considered as conclusive against them, unless they came in and answered within the time limited by the statute. The legislature have now interposed further guards for their protection; not to alter the rights of the complainant but to preserve and protect the rights of the absentees if any such rights exist. The 126th section of the article of the revised statutes, which relates to proceedings in this court against absent, concealed, or non-resident defendants who are not personally served with process and who do not appear, makes it the duty of the court to direct a reference to a master, to take proof of the facts and circumstances stated in the bill, before any decree can be made. In this particular case it probably will be mere form, as the real grounds of litigation, if any such exist in this case, are between the defendants. And the rights of the defendants as between themselves cannot be settled under that order of reference. All that can be inquired into under this order is as to the matters stated in the bill, and which are necessary to show that it was properly filed as a bill of interpleader. If the bill was properly filed, the defendant who has appeared will be entitled to possession of the fund after deducting the complainants' costs ; but under the equitable construction of the 131st and 132d sections of that article of the revised statutes, he will be obliged to give security to refund in case the other defendant appears and is admitted to defend; and in default of giving such security, the fund must remain in court until the expiration of the time limited by the statute, unless the rights of the parties are sooner ascertained.

There must be a reference to a master to take proof of the facts and circumstances stated in the complainants' bill,

so far as respects their right to file the bill of interpleader against the defendant Gault; with liberty to the master to examine the complainants on oath in relation to the facts stated therein. On coming in of the report, it may be presented to the court on any regular motion day for a final decree thereon.