## ENGLE, ADMINISTRATOR, ET AL. *v.* SHURTS.

Where a penal statute is repealed, without a reservation or saving clause in favor of penalties that had accrued under it, such penalties cannot afterwards be recovered.

APPEAL from the Court of Chancery.    Shurts, on 20th April, 1843, filed his bill in the court of chancery to foreclose a mortgage executed to him by Engle, deceased, in August, 1839.    Defendants, by their answer, admitted the mortgage, but insisted it was usurious.    A replication was filed to the answer, and testimony was taken by defendants to prove the usury.    The chancellor was of opinion the usury was established by the proofs, and on 25th June, 1845, made a decree in favor of Shurts for the money actually loaned only, with interest.    From this decree defendants appealed.

*Gurney,* for appellants.

*Bacon,* for appellee.

*By the court,* MILES, J.    It is insisted by the appellants that the usury is proved, and that it is equitable that the appellee have a decree only for the amount of the mortgage, after deducting not only the amount of the usury, but also the penalty under R. S. 1838, p. 161, sec. 5, that being the law in force when the contract was made.

But before this bill was filed, that part of the statute imposing the penalty for taking usurious interest, was repealed, without reservation or saving clause.    Sess. L. 1843, p. 54.    In such case the penalty is gone.

1 Wash. C. C. Rep. 84; 1 Binney 601; 3 Burr. 1456; 1 Black. Rep. 451; 7 Wheaton 551.

The case of Aymer v. Gault, 2 Paige 284, referred to by appellants' counsel, was decided under the revised statutes of New York, containing the usual saving clause; as were also the cases in 4 Wendell 206, 210 and 211. The only questions that arose in those cases, under the statute, was as to the mode of proceeding, and that was expressly required to conform to the new statute.

The statute of 1843 before referred to, also repeals that part of the statute of 1838 by which the defendant was, in an action upon an usurious contract, entitled to recover costs, and confines the recovery of the plaintiff to the amount of the principal and legal interest: and as that appears to be the amount for which the decree was made in this case, we think it must be affirmed, with costs.

*Decree affirmed.*