## THOMPSON *v.* CURRIER.

A collector of taxes has no authority, after selling enough of the property distrained to pay the owner's tax and the costs, to sell any thing more.

Trover may be maintained against a collector for an unauthorized sale of property.

The list of taxes may be made, by proper reference, so far part of the warrant that the signatures of the warrant will be held sufficient signatures of the list to protect the collector.

An omission to sign the list of taxes by the selectmen will be deemed an irregularity of the selectmen; so that the collector will not be responsible on that account.

The receipt of the overplus upon a collector's sale, will not estop the owner to maintain trover for the property sold, unless it is agreed to be accepted in satisfaction.

TROVER, for the conversion of four barrels of apples. The action was brought before a justice, and came to the court of common pleas by appeal. It is now submitted upon an agreed statement.

The defendant was duly appointed collector of taxes of the town of Holderness for the year 1850, and was duly qualified. The plaintiff was a resident of the town, and was assessed in the taxes of that year.

A list of these taxes was committed to the defendant for collection, with a warrant at the commencement of the book in which the list was inserted; which warrant was signed by the selectmen, but the list of taxes was not signed by them, otherwise than by the signing aforesaid at the end of the warrant. The warrant directs the collector to " collect of the several persons named in the list herewith committed to you, the taxes," &c.; and it subsequently contains, in a parenthesis, (" the aforesaid is a correct list of the assessments of State, county, town, and school taxes, for the year 1850, upon the ratable polls and estates of the inhabitants of said Holderness.")

The defendant, having said list, duly notified the plaintiff of the taxes against him, and some time prior to the eighth day of February, 1851, he distrained on the plaintiff's property for the

payment of said taxes, one hog, one shote, one sleigh, and four barrels of apples ; the same having been turned out to him by the plaintiff as his property, to satisfy said taxes ; the hog, the shote and sleigh first, and then the apples, the collector saying the others were not sufficient.

The collector having kept said distress the required time, and having given the proper notices of sale, sold the said property, on the said 8th day of February, at public auction, to J. M. Merrill, for the sum, in all, of $27.36. The articles were sold separately, the apples being last in order. The whole amount of the taxes against the plaintiff, together with the costs, was $19.39, and the hog, shote and sleigh were first sold, and for the sum, in all, of $21.80, or $2.41 more than the taxes and costs. After the sale the defendant gave the plaintiff a statement of the sale, showing the amount of the taxes and costs, and paid to the plaintiff the sum of $7.97, as the balance of the proceeds of the sale over and above the taxes and costs, which the plaintiff accepted.

The plaintiff assented to the sale in no way, unless the acceptance of the balance aforesaid be held by the court to be an assent.

Before the sale, and about the time of it, the said Merrill told the plaintiff he was going to bid off the property, and borrowed some money of him, and after the sale he took the articles to the plaintiff and asked him if he wanted them, and would pay him a fair price for them, and upon his saying he would, he delivered them to him, not intending to charge him any more than he paid, unless the plaintiff was disposed to give him something for his trouble.

It is agreed that the apples were worth at the time of said sale eight dollars, and judgment is to be rendered for the plaintiff for said eight dollars and interest, or part of it, or for the defendant, as the court may decide.

*H. A. Bellows,* for the plaintiff.

*Quincy* and *Burrows,* for the defendant.

BELL, J.    After a collector has sold upon his warrant enough of the property distrained to pay the owner's tax and the costs, it is clear he has no authority to sell any thing more.    The warrant has performed its office, and can afford no protection for any further interference with the delinquent's property.    The cases cited by the plaintiff's counsel, *Stead's Executors* v. *Course*, 4 Cranch. 403, and 18 Johns. 443, are authorities to this point, if any could be required to a position so clearly resulting from the nature of the process.

It is said that the statute authorizes the collector, in general terms, " to distrain the goods and chattels" of the person who neglects to pay his tax, and requires the collector to keep and advertise " the property distrained," and to sell " the same" at auction.    But we think the conclusion attempted to be drawn from these general terms, is inconsistent and irreconcilable with the settled principles of the law.    The collector is " to distrain the goods and chattels" of the delinquent, not at his caprice but according to law.    And no principle of the law is better settled than that a distress must not be excessive ; though the collector will not be liable to an action on this ground, unless the taking is obviously excessive ; as if a man distrain two oxen for twelve pence, or a horse or an ox for a small sum, where a sheep or a pig might be taken, because he might have taken a beast of less value.    2 Bac. Ab., 352, Distress, E ;   2 Steph. N. P. 1967 ; Saund. Pl. & Ev. 443.

But the power of the collector to sell the property distrained is limited by another well settled principle, to which I have before adverted, that the warrant has no force after the tax is levied or paid.    This principle the court would not be justified in inferring, from mere general expressions, that the legislature intended to change.    This principle is of more frequent application in the case of executions.    *Edgerly* v. *Emerson*, 3 Foster's Rep. 555.    After enough of the property distrained is sold to pay the tax and expenses, any further sale is unauthorized and a conversion of the property.

It is not contended here, that the seizure was excessive, nor

that the defendant is chargeable in respect to the property sold, except the apples, which it is contended were improperly sold after the warrant had become inoperative.

It is contended by the counsel for the defendant, that for the wrong here complained of the plaintiff cannot maintain the action of trover, but only a special action on the case, because by the Revised Statutes, chap. 180, § 12, only an action upon the case shall be brought against an officer for any default or misconduct in his office.

Technically, the action of trover is an action upon the case, and we think it falls within the class of actions which the statute allows to be brought; and we are aware of no mischief, inconvenience or hardship that can result to any one from the adoption of this form of action.

An objection is taken by the plaintiff to the authority of the defendant to take and sell the property under his warrant, because the Revised Statutes, chap. 43, § 8, require that a list of all taxes assessed shall be made by the selectmen under their hands, with a warrant under their hands and seal, &c.; and this list of taxes is not signed separately by the selectmen. But we think the answers made to this objection by the counsel for the dedefendant are entirely satisfactory. The statute has not prescribed the form of the list, nor where, nor in what manner the list shall be signed by the selectmen. The list is a part of the same document or book, and is referred to in the warrant, which contains a certificate that it is a correct list, &c., and by this reference and certificate the signature may well be considered as applying to the list in the same manner it would do if the list was comprised in and constituted a part of the warrant itself; as if the precept had been to collect of the several persons in the following list, namely, A. B., $1.00, &c.

Though this is a loose and clumsy mode of complying with the statute, which should be carefully avoided, yet we think this certificate and reference so far make this list a part of the warrant, that the signatures affixed to it are sufficient to protect the collector.

Thompson *v.* Currier.

It is said if this were otherwise, the collector is protected by the 16th section of chap. 45, of the Revised Statutes, which provides that the collector shall not be liable to any suit by reason of any irregularity or illegality of the proceedings of the town, or of the selectmen, nor for any cause whatever, except his own official misconduct. Here there is no misconduct on the part of the collector as to this list; and we think the defect alleged is but an irregularity on the part of the selectmen, which might be corrected and obviated by an amendment, and that in consequence of this defect the collector cannot be chargeable.

It is suggested that the acceptance by the plaintiff of the overplus of the money arising from this sale, after payment of the taxes and costs, estopped him from suing for the goods in trover. But it seems to us no such result can follow. It is not pretended that this money was accepted in satisfaction of the right of action by virtue of any agreement. The collector is required by the law to deliver an account of the sales, and of the tax and costs, to the delinquent, and to deliver him the overplus, or to have these ready to deliver to him upon request. Having done this, it is immaterial to either party whether the money is taken or not, except that if the money is paid, it will go in mitigation of damages. *Pierce* v. *Benjamin,* 14 Pick. 356.

The defendant is to be charged for the value of the apples, after deducting the money for which they sold, which was paid to him.

*Judgment for the plaintiff.*