# GRAFTON,

## JULY TERM, A. D. 1855.

---

## SMITH *v.* PIERMONT.

Where an individual commences an action and sets out a sufficient cause of action in his behalf, and also, in addition thereto, alleges other injuries resulting from the same cause, entitling himself and a third person to a joint action for damages, such additional allegations will form no sufficient ground for a motion for a nonsuit of the plaintiff.

Accordingly, when a husband commenced an action against a town, for an injury to his horse and wagon, occasioned by a defect in a highway, which the town was bound to keep in repair, and in his declaration also alleged an injury to the person of his wife, resulting from the same cause, occasioning great bodily pain and suffering, it was *held* that a motion for a nonsuit, founded on the allegations of damage and injury to the wife could not be sustained.

THIS action was case ; the first and third counts in the declaration were as follows, the second count being like the first.

" In a plea of the case for that whereas on the 29th day of March, A. D. 1852, at Piermont, in said county of Grafton, there was, and for more than twenty years then past, had been a certain public highway leading from Piermont Village, in a southerly direction to Wentworth and the old Coos turnpike, called the Brook road, running through the Chandler district, so called, in said Piermont, which said highway had then and there been publicly used, and for more than twenty years, as a public highway, and which

said town of Piermont was then and there bound by law to keep and maintain in good repair; and whereas the wife of said plaintiff, at said Piermont, on said twenty-ninth day of March, now last past, was passing on said road in a one horse wagon, drawn by one horse, without any load, in company with a driver, who was a relative of the plaintiff, which said driver was carefully and prudently driving said horse and wagon in the travelled path of said road; and whereas by reason of the defect, insufficiency and want of repair in and of said road, the wife, horse and wagon of said plaintiff was thrown down a steep bank, on the lower side of said road, by which the horse and wagon of said plaintiff were greatly injured and broken, and the wife of said plaintiff was greatly and seriously injured in her health and person, from which injury she is now greatly suffering, and greatly fears that she will continue so to suffer. All of which happened without any fault or negligence of said plaintiff, or of his said wife, or of the driver aforesaid, but through the insufficiency of said road and the negligence of said town. All which is to the damage of said plaintiff, &c.

Also for that the road leading from Piermont Village, in said Piermont, in a southerly direction to Wentworth and the old Coos turnpike, called the Brook road, running through the Chandler district, so called, in said Piermont, was on the 20th day of March, 1852, and ever since hath been and now is a public highway within said town of Piermont, for the maintenance, and support, and repair of which said town of Piermont is by law liable, and that from said 20th day of March to the 20th day of April then next, said highway was out of repair and insufficient, and in a state dangerous and wholly unfit to be travelled by citizens of the State and the public, and that the wife of the plaintiff, in company with a driver, on the 29th day of March, 1852, undertook to pass said highway with a single wagon, drawn by a single horse, both the property of the plaintiff, on lawful business, which said driver was carefully and

prudently driving said horse and wagon at said time in the travelled path of said road, with said plaintiff's wife, and that in said passing the wife and horse and wagon of said plaintiff were thrown down a steep bank on the lower side of said road, by which the said horse and wagon were greatly injured and broken, and the wife of said plaintiff was greatly and seriously injured in her health and person, from which injuries she is now greatly suffering and greatly fears she will continue so to suffer, all by reason of the unfit and dangerous condition and want of repair of said highway, and the insufficiency thereof, and not through any fault or negligence of said plaintiff, or of his said wife or said driver; to the damage of said plaintiff, as he says."

The plea was the general issue. Upon the reading of the writ and plea to the jury, a nonsuit was ordered, on motion of the defendants, to which the plaintiff excepted.

It was ordered that the questions arising thereon be reserved and assigned to the determination of this court.

*Chapman*, with whom was *Quincy*, for the plaintiff.

1. The plaintiff had a right of action in himself alone, independent of his wife. Comp. Laws, ch. 61, § 1. And he did not refuse or neglect to proceed to a trial of the cause when it was put in issue, as the case finds; and for the purposes of this case, here, the plaintiff was able to prove his case ; therefore nonsuit should not be ordered. Involuntary nonsuit takes place only when the plaintiff neglects or refuses to proceed when called, or fails to prove his case. Graham's Prac. 269; 3 Chit. Prac. 910; 1 Sel. Prac. 463 ; 1 Arch. Prac. 787.

2. The plaintiff, having a right of action to himself alone, and having stated sufficient in his declaration to make a case, admissible of evidence of injuries which in themselves import damages to the plaintiff, is entitled to a trial. If more be stated in the declaration than is necessary, it may be rejected as surplusage ; at most, it cannot be made more

or worse to the plaintiff than a defective declaration ; and a party cannot be nonsuited for defect in his declaration. *Van Vetchen* v. *Graves*, 4 Johns. 403.

3. The form of action is right, and the plaintiff has a right and cause of action, and sufficient is stated in his declaration, and with such precision, clearness, distinctness and perspicuity, that the defendants could fully understand what they are to answer, and the case, as stated, would admit of direct evidence, from which the jury could find all necessary facts, and upon the facts being found, find the amount of damages. In other words, the writ and declaration give all the information necessary, and the defendant could not be misled as to the case or party, or the character of the evidence to be offered, or that could be offered by the plaintiff. In the case at bar, the husband sues alone, and alleges the causes of the injuries, and the injuries from which damages must result to the plaintiff; and the defendants cannot anticipate that evidence will be offered to show damages to persons not named in the record, and thereupon object in this form. The allegations are all that the rules require. Story's Pl. 33, 34, 35, and authorities there cited. If there was duplicity or repugnancy, it could only be taken advantage of by plea in abatement or demurrer. Nonsuit could not be ordered. See same authorities.

4. The statement in the declaration, to wit: " and greatly fears that she will continue to suffer," may be material and wholly unnecessary ; if so, it may be rejected as surplusage. Surplusage or unnecessary statements do not vitiate the declaration. 13 Johns. 80 ; 3 Day 472 ; 2 Mass. Rep. 283 ; 7 Mass. Rep. 135 ; 12 Mass. Rep. 436 ; 3 N. H. Rep. 299.

5. There is no nonjoinder in the case at bar. The husband had a right of action independent of the wife. See statute above cited. But if a party was omitted who should have been joined, it could not be taken advantage of on motion for nonsuit, if there was a right of action in the party

Smith v. Piermont.

suing, for it is only in cases where there is no right of ac-
tion whatever in the husband, independent of the wife, that
a nonsuit could be ordered.    1 Chit. Pl. 76*, (9th Am. ed.
1844.)

In actions *ex délicto*, if a party who ought to join be
omitted, the objection can only be taken by plea in abate-
ment, or by apportionment of damages on the trial; and the
defendants cannot give in evidence the nonjoinder as a ground
of nonsuit, on the plea of the general issue or demurrer, or
move in arrest of judgment, or support a writ of error, though
it appear upon the face of the declaration, or other plead-
ings of the plaintiff, that there is another party who ought
to have joined.    *Covynton* v. *Lilheby*, 2 Saund. 116; *Addi-
son* v. *Overend*, 6 Term. 766; *Bloxan* v. *Hubbard*, 5 East
407; *Wilson* v. *Gamble*, 9 N. H. Rep. 74; 7 Term 279.

7.    The damages are sufficiently and properly stated.
The action is for damages, and the injuries stated in the
declaration imply damages to the plaintiff necessarily, and
the law infers damages from such injuries as are alleged, for
damage would be the natural and inevitable consequence of
the injuries.    The wrong done by the defendants and com-
plained of, is in neglecting to keep the highway in good re-
pair, from which the injuries happened, and they are clearly
stated, and from these injuries the law presumes damages;
and the jury, upon finding the facts of neglect of the defen-
dants, and the want of repair of the highway and the inju-
ries, are to fix the amount.    These facts being proved as al-
leged, damages must of course follow by presumption and
inference of law and common sense.    "It is not necessary
to state the formal description of damages in the declara-
tion, because presumptions of law are not to be pleaded or
averred as facts."    1 Chit. Pl. 396*.

In slander, when the words, on the face of them, import
an injury, the *per quod* may not be stated or special dam-
ages alleged.    2 Black. Com. 124.

Damages that must happen in consequence of injury

need not be specially stated by the *per quod.* 1 Chit. Pl. 61, notes s. and t.; 5 East 45; 3 Black. Com. 142; 11 East 23; 9 Coke 113; 10 Coke 330 ; 2 N. H. Rep. 476.

*Hibbard & Bingham,* with whom was *J. S. Bryant,* for the defendant.

This action is brought by the husband alone, and the gist of it is to recover damages for the personal injury of the wife, although the declaration also states an injury to the horse and wagon of the plaintiff.

The cause of action for personal injuries to the wife survives to the wife, if the husband die before recovery, and the husband cannot sue alone in such a case. The wife must be joined. 2 Stark. Ev. 688; Stark. on Slander 184; 1 Selw. Nisi Prius 304 ; 1 Esp. Nisi Prius, part 2, 178 ; 1 Chit. Pl. 74, (9th Amer. ed.)

If the husband sue alone when the wife ought to be joined, or if the wife be improperly joined with the husband, when he ought to sue alone, both these are good grounds for demurrer, nonsuit or arrest of judgment. 1 Chit. Pl. 33, 73, 75, (9th Amer. ed.) *Barnes & ux.* v. *Hurd,* 11 Mass. Rep. 59; 7 U. S. Dig. 301, § 80.

Woods, C. J. The question is whether the nonsuit was properly ordered in this case. It was ordered upon the reading of the declaration and plea. Of course no evidence was offered or opportunity given therefor. It, then, must be assumed that the facts alleged in the declaration might all have been proved, and would have been proved, and were true ; and that the ruling of the court, ordering the nonsuit, was made upon that assumption. It is entirely clear that enough is alleged in the declaration to entitle the plaintiff to recover. The defective condition of the road, the duty of the town to keep it in repair, and the injury to the plaintiff's horse and wagon, resulting from the want of repair alone, are facts alleged, and if alone alleged and proved,

would clearly entitle the plaintiff to recover in this action. The objection made and urged against the plaintiff's right of recovery and in support of the nonsuit is, that damages are claimed also in the action, for an injury to the person of the wife of the plaintiff, resulting from the same cause, viz.: the want of repair of the highway complained of. The position is entirely correct, that the husband cannot maintain an action in his own name alone, for a personal injury to the wife, and her personal sufferings resulting therefrom. In such case, she must be joined in the action. And it is equally true that the wife cannot properly be joined with the husband, in an action for an injury to the personal property of the husband. This is familiar law.

The present is a case, in which the plaintiff has declared, alleging, in the same count, that by the fault of the defendants, he has sustained an injury in his personal chattels; and also that his wife has sustained an injury, and that thereby she has undergone personal sufferings, and is likely to suffer further pains.

Now it is clear that the action is well brought for the damage to the horse and wagon. Is the right to recover defeated by the additional allegations of injury and damage to the wife? *Todd & ux.* v. *Bedford*, 11 Mod. 264, was an action for assaulting the wife and driving a coach over her, and it was further alleged that the husband laid out money in her cure. In that case a motion in arrest was denied. It was decided that after verdict, where there is a proper cause of action in the wife, though circumstances are added which are actionable by the husband only, the declaration is good by husband and wife, and the additional circumstances are only to be regarded as matter of aggravation.

In *Lewis & ux.* v. *Babcock*, 18 Johns. 443, it was decided that a declaration in trespass, by husband and wife, for a personal injury to the wife, containing also a cause of action for which the husband alone might sue, as the loss of her company and assistance, in consequence of the battery, and

is good after verdict, although it would be bad on demurrer. In *Russell & ux.* v. *Come*, 1 Salk. 119 & note, the husband and wife brought an action for the battery and false imprisonment of the wife, *per quod*, the husband's business remained undone. A motion in arrest of judgment was made after verdict, and *Holt*, C. J., said, " I will not intend the judge suffered that to be given in evidence," and the motion was denied. Chitty says " care must be taken not to include in the declaration by the husband and wife, any statement of a cause of action for which the husband alone ought to sue ; therefore, after stating the injury to the wife, the declaration ought not to proceed to state any loss of assistance, or expenses sustained in curing her." 1 Chit. Pl. (8th Amer. ed.) 73. Mr. Chitty does state what consequences will flow from such additional statement in the declaration. We have seen, however, what they are from the other authorities noticed.

According to the doctrine of those cases, it is quite clear that, in a case like the present, after verdict, the judgment could not be arrested. If advantage could be taken of it, most probably it must be upon demurrer, (*Lewis* v. *Babcock*, before cited.) and not upon motion for nonsuit upon the general issue. It is a case, also, in which upon trial, objection might properly be interposed, against the introduction of evidence in support of the allegation of any facts of personal injury or suffering on the part of the wife, as the foundation of any claim of damages, or for any other purpose in the action.

We think the allegations, in relation to the injuries sustained by the plaintiff's wife, may also be well regarded as surplusage, not being necessary to the maintenance of the action, enough being alleged, aside from those allegations, to give the plaintiff a right of action, and the material allegations not being so connected with the immaterial ones as to make the former in any way depend upon the latter. 1 Chit. Pl. (8th Am. ed.) 229, 230.

Smith *v.* Piermont.

If the objection relied upon, in this case, to sustain the nonsuit, be an objection of which the defendants might have availed themselves in some form, it is quite clear, we think, that the form of objection adopted could not avail. The defect, if any existed, was upon the face of the pleadings, and should probably have been taken advantage of upon demurrer, or by way of objection to any evidence under the immaterial allegations, or by some of the other methods of objecting to bad pleadings.

It was certainly not a case for a nonsuit. Here was a good cause of action set out, and more too. Something was added. And there was no omission to prove sufficient of what was alleged. That is not pretended.

This case does not present the case of a husband suing alone when the wife ought to be joined, for he sues for an injury to his personal chattels. Nor does it furnish the case of persons improperly joined, for here the husband sued alone.

Upon the whole, we are unable to see any ground upon which the nonsuit can be sustained.

*Nonsuit set aside and a new trial granted.*