TAYLOR AND WIFE *vs.* KNAPP.

A husband and wife brought an action for an injury to a right, belonging to her and appurtenant to her land, to take water from a reservoir of the defendant. The declaration stated that the wife owned the land, that the plaintiffs owned and possessed the right to take the water, as owners and possessors of the land, and that by the wrongful act of the defendant, the plaintiffs had been deprived of the use of the water. A verdict having been rendered for the plaintiffs, on a motion in error from the judgment for the insufficiency of the declaration, it was held :

1. That enough was alleged in the declaration to show a right of action in the wife.
2. That she was properly joined with her husband in the suit..
3. That the declaration might be construed as alleging only an injury to her right, enjoyed by them both during the coverture.
4. But if to be regarded as also alleging an injury to his right as distinct from hers, and as founded on a separate interest, that then it would be intended that the judge on the trial allowed no evidence except as to injury to her right, and the allegations not pertinent thereto would be regarded as surplusage.

THIS was an action on the case, brought by Andrew Taylor and Polly his wife against Harmon Knapp. The declaration contained two counts, the first of which alleged that on the 18th day of November, 1854, and long before, the said Polly was, and ever since had been, seized and possessed of a certain tract of land, owned by her in fee simple, of which the plaintiffs were well seized and possessed ; and that upon the adjoining land of one Alfred Benedict was a spring of water, in which was laid a lead pipe, conducting the water from said spring to a cistern on the land of the defendant ; and that the plaintiffs owned and possessed the right to take water from said cistern for their use, and which had always been of great use and value to the plaintiffs, as the owners and possessors of said described tract of land ; yet that the defendant, intending to injure the plaintiffs and incommode them in the enjoyment of the use of the water from said cistern, on the 30th day of November, 1854, wrongfully and injuriously did take up said pipe, by reason of which the plaintiffs had been, since that time, and still were wrongfully and unjustly deprived of the use of the

water from said pipe or cistern, which of right they ought to have.

The second count, after stating seizin and possession of the same premises, and in substantially the same manner as the first count, alleged a right of foot-way from their said land, on and over the land of the defendant, to and from said cistern, to bring and use the water thereof, and an obstruction of the way by the defendant.

The cause was tried upon the general issue closed to the jury at the October term, 1856, of the superior court for Fairfield county, and a verdict rendered in favor of the plaintiff.

The defendant, by motion in error, brought the record before this court, assigning as error the insufficiency of the declaration in its statement of the plaintiffs' right and interest, and in the joinder of the wife in the action.

*White*, in support of the motion.

1. There was no sufficient cause of action stated in either count of the declaration, all that was done by the defendant being what he had a perfect right to do.

2. The interest of the plaintiffs below is not properly described. In each count, the wife is described as seized and possessed alone, and in the same count as seized and possessed jointly with her husband. The rights of the plaintiffs must be directly and certainly stated, and where the husband and wife are joined, her interest, and his seizin and possession in her right, must be particularly set forth. *Gaylord* v. *Payne*, 4 Conn., 190.

3. If the declaration is to be understood as alleging that the plaintiffs, as husband and wife, are jointly seized, the husband has the right of possession, and should have sued alone.

*E. Taylor* and *W. F. Taylor*, contra.

1. The husband and wife were properly joined. 1 Chit.

Pl., 63, 64. *Cornwall* v. *Hoyt*, 7 Conn., 420, 1 Sw. Dig., 36.

2. The declaration shows sufficiently a right of action in the wife, and that is enough after verdict. 1 Sw. Dig., 603, 776.

3. If the declaration is defective, it is only in matters of form, of which advantage could be taken only by special demurrer.

4. Upon a fair construction of the declaration, there is nothing contradictory in the description of the plaintiffs' title and interest.

ELLSWORTH, J. The questions raised on this motion, are, whether there is enough stated in the declaration, if true, to support the plaintiffs' action, and whether the manner in which it is stated is sufficient to satisfy the rules of law.

The declaration is exceedingly inartificial and obscure. Still, we think it will answer after verdict. The first count contains an allegation that Polly M. Taylor, the wife of the other plaintiff, was, during the times, &c., &c., the owner and in possession of a valuable right to take water from a certain reservoir or cistern on the land of the defendant, and that during the time of their intermarriage they have been deprived of the enjoyment of this water. The second count states substantially the same thing, and then goes on to declare that the wife had a right of way to and upon the said land of the defendant, to pass to and from said reservoir, which the defendant obstructed so as to injure the plaintiffs in their said right of water.

There is enough stated to give the said Polly a right of action, and of course to justify and to require her to unite with her husband, unless the husband had seen fit to sue alone, as perhaps he might have done for some part of the injury at least. The wife is the meritorious cause in this instance, and certainly may be joined in a suit to vindicate and establish her right. In *Weller* v. *Baker*, 2 Wils., 414, we find the celebrated case of the Tunbridge Wells, decided in 1769, where it was held that the husband might

join his wife in suing for an injury to her right as a dipper of the well.   The general doctrine is stated in the same manner in 1 Chit. Pl., 63., Reeve Dom. Rel., 131, and in *Martin & ux.* v. *Lewis*, 1 Day, 263 ; and is as well laid down in Archibold's Pl. & Ev., 39, as in any other book.   He says, " For any matter relating to the land, which the husband has in the right of the wife, the husband and wife may join, or the husband may sue alone."    Thus in an action for a trespass on the wife's land during coverture, the husband and wife may join, or the husband may sue alone.   In trespass for cutting down trees belonging to the wife, they may join. So in an action for a forcible entry upon and detainer of her land.   So in an action on the case for stopping a way to the wife's land, they may join.   So for inclosing land in which the wife has common, or for not grinding at the wife's mill. So in debt on Stat. of 2 & 3, Edw. 6, for not setting out tithes, which the husband has in right of his wife, they may join. So if a woman leases for years, reserving rent, and afterward marry, the husband and wife may sue for rent due after the coverture.   The case above cited from 1 Day, is where the husband and wife joined in an action of account for rents and profits of the wife's land, accruing during the coverture.

Again; is there any difficulty in the form in which the material facts are stated in the two counts ?   The declaration, as we have said, is inartificial, but we think it may be construed as a declaration by the husband and wife in her right, and that the husband claims only for an injury to her right belonging to them both during coverture ; but if the declaration is susceptible of a broader construction, as setting up an injury to her right, and to his as a distinct co-tenant of a part, we think, after verdict, it must be held that the judge allowed no inquiry except as to damages sustained by the husband and wife to her rights or easements as distinct from his, and that what is said in the declaration about any right in the husband alone, as an original joint proprietor, may be treated as surplusage and immaterial.

In *Smith* v. *Piermont*, 11 Fost. R., (N. H.,) 343, the court held that where an individual commences an action and sets out

a sufficient cause of action in his behalf, and also in addition thereto alleges other injuries resulting from the same cause, entitling himself and a third person to a joint action for damages, such additional allegations will form no sufficient ground for a motion for a nonsuit of the plaintiff. Accordingly where a husband commenced an action against a town for an injury to his horse and wagon, occasioned by a defect in a highway which the town was bound to keep in repair, and in his declaration alleged an injury to the person of his wife resulting from the same cause, occasioning great bodily pain and suffering, it was held, that a motion for a nonsuit founded on the allegations of damage and injury to the wife, would not be sustained. Wood, C. J., in giving the opinion of the court says, " Now it is clear that the action is well brought for the injury to the horse and wagon. Is the right to recover defeated by the additional allegations of injury and damage to the wife? *Todd & ux.* v. *Redford,* 11 Mod., 264, was an action for assaulting the wife and driving a coach over her, and it was further alleged, that the husband laid out money in her cure; in that case a motion in arrest was denied. It was decided, that after verdict, when there is a proper cause of action in the wife, though circumstances are added which are actionable by the husband only, the declaration is good by husband and wife, and the circumstances are only to be regarded as matter of surplusage."

In *Lewis & ux.* v. *Babcock,* 18 Johns., 443, it was decided, that a declaration in trespass by husband and wife, for a personal injury to the wife, containing also a cause of action for which the husband alone might sue, as the loss of her company and assistance in consequence of the battery, is good, after verdict, although it might be bad on demurrer. In *Russell & ux.* v. *Come,* 1 Salk., 119 and note, the husband and wife brought an action for the battery and false imprisonment of the wife, *per quod* the husband's business remained undone. A motion in arrest of judgment was made after verdict. Holt, C. J. said, that he would not intend that the judge suffered the damage to the husband to be given in evidence, and the motion was denied.

We think the doctrine of these causes is founded in the highest propriety and justice. If a declaration is objectionable on the ground of surplusage or duplicity, so that the defendant can not well apprehend the cause of action for which he is sued, let him put in a special demurrer, which will reach and remedy the difficulty, and then, after the amendment, only the proper allegations will remain for him to deny or meet on the trial. He ought not to have the double advantage of forcing the plaintiff to prove his whole case to the jury, and then of defeating the verdict because he has proved more than enough to entitle him to recover.

There is a case in our own reports, which goes as far as any of the cases in the books. We refer to *Fuller & ux.* v. *Naugatuck R. R. Co.*, 21 Conn., 557. In that case, this court held, that in an action on the case against a railroad company, brought by the husband and wife for injuries to the person of the wife, it was no ground of arrest, that the declaration, in addition to the true cause of action for which the husband and wife could join, (the injury to the wife) contained the further allegation that $200 had been expended in her cure, for which alone the husband could sue. The court held, that after verdict it will be presumed that this charge was not allowed to be proved, because it was foreign to the true cause of action.

As we have said, it is manifestly unjust, that after verdict the defendant should be allowed to say that too much has been proved against him, and therefore the plaintiff shall take nothing by his verdict. Let him demur in season, or object to the introduction of irrelevant testimony on the trial, and then he can not be injured by mere matter of surplusage or duplicity, which is the utmost that can be objected to the declaration before us.

We think for these reasons that there is no error in the judgment.

In this opinion the other judges, STORRS and HINMAN, concurred.

Judgment affirmed.