(Decided 21st February, 1884.)

---

THE NORTHERN CENTRAL RAILWAY COMPANY *vs.* ALFRED W. MILLS and MARGARET E. MILLS.

*Personal injuries to Wife—Husband and Wife—Pleading—*
*Misjoinder—Motion in Arrest of Judgment.*

Action was brought on the 8th of April, 1882, by A. W. M. and M. his wife, against a railroad company, to recover damages for personal injuries sustained by the wife. The declaration contained but one count, in which, after detailing the injuries sustained by the wife, it was alleged, " and also thereby the said *plaintiffs* were forced and obliged to, and did pay, lay out and expend a large sum of money in and about endeavoring to cure the said M. of the bruises " &c., " occasioned as aforesaid." After verdict for the plaintiffs, a motion in arrest of judgment was made on the ground that the declaration included a cause of action for which the husband should sue alone. The motion was overruled. On appeal it was HELD :

1st. That it was error to include in the claim of damages money expended to effect the wife's cure, the right of action for money thus expended, being in the husband alone.

2nd. That if the two causes of action were contained in two separate counts of the declaration, the error could be availed of on a motion in arrest of judgment; but where the declaration contained but one count, the motion would not be allowed.

3rd. That the action of the Court below in overruling the motion in arrest of judgment, was affirmed upon the distinct ground that

·after verdict it must be intended that at the trial the evidence was. *confined* to the personal injury and suffering of the wife, and that none was offered as to the expenditure of money in curing her, or if offered, that it was rejected by the Court and excluded from the consideration of the jury.

4th. That in determining as to the motion in arrest, the Court was. confined strictly to the *record proper* of the case itself, and could take no notice of the docket entries or instructions to the jury contained in the diminution record.

This case distinguished from that of *Stirling, et al. vs. Garritee*, 18 Md.,. 468.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court. The record first sent to the Court of Appeals, contained only the pleadings, and the verdict, the motion in arrest,. and the action of the Court thereon; the entry of judgment, and the order for an appeal; and an entry showing that the appellant had filed an appeal bond which was. approved, and an affidavit that the appeal was not taken for delay. The appellant procured a writ of diminution under which there were sent up from the Court below short copies of the docket entries in this case, and in a case brought by the husband alone against the same defendant,. and an instruction given in each case.

The cause was argued before ALVEY, C. J., YELLOTT,. STONE, MILLER, ROBINSON, and BRYAN, J.

*Bernard Carter*, for the appellant.

*John T. McGlone*, and *Richard M. Venable*, for the appellees.

MILLER, J., delivered the opinion of the Court.

This appeal brings up for review the action of the Superior Court in overruling a motion in arrest of judgment.

The ground of the motion is, that in the action by husband and wife for personal injuries suffered by the latter, and for which both must join in the suit, the declaration includes also a cause of action for which the husband should sue alone. In determining such a question this Court is, of course, confined strictly to the *record proper* of the case itself, and we can therefore take no notice of any of the extrinsic matters contained in the diminution record. *Gover vs. Turner*, 28 *Md.*, 606.

The suit was brought on the 8th of April, 1882, by Alfred W. Mills and Margaret E. Mills his wife. The declaration, which contains but a single count, avers, in substance, that the defendant, by its agents and servants, so negligently and carelessly moved a train of cars drawn by horses along its tracks at the corner of Monument and North streets in the City of Baltimore, where the plaintiff Margaret with her husband was, at the time, crossing, that she, the said Margaret, in order to escape from being run over, was forced to leap from the track, and thereby sustained a fracture of the ancle, and was greatly hurt, bruised, and wounded, and became sick, sore, lame, and disordered, and so continued for a long space of time during which she, thereby, suffered and underwent great pain, and was hindered and prevented from performing and transacting her necessary affairs and business, " *and also*, thereby, the said plaintiffs were forced and obliged to, and did pay, lay out and expend a large sum of money in and about endeavoring to cure the said Margaret of the bruises, wounds, sickness, soreness, lameness, and disorder aforesaid, occasioned as aforesaid ;" and the plaintiffs claim $10,000. The defendant pleaded that it did not commit the wrong alleged. The case was tried upon issue joined on that plea, and the jury rendered a verdict in favor of the plaintiff for $2000 damages.

When this suit was instituted there was no statute regulating such actions, and according to the common law

husband and wife must join if the action be brought for personal suffering or injury to the wife, and in such case the declaration ought to conclude to their damage, and not to that of the husband alone, for the damages will survive to the wife if the husband die before they are recovered.   But in every such case care must be taken not to include in the declaration by the husband and wife any statement of a cause of action for which the husband *alone* ought to sue ; therefore, after stating the injury to the wife, the declaration ought not to proceed to state any loss of assistance or expenses sustained in curing her. 1 *Chitty's Pl.,* 83; *Baltimore City Passenger Railway Co. vs. Kemp and Wife,* 61 *Md.,* 74.   In our opinion the declaration in the present case offends this rule of good pleading.   After stating the injury to the wife and her sufferings therefrom, it goes on to allege that the plaintiffs were thereby obliged to, and did expend a large sum of money in effecting or endeavoring to effect her cure, and the claim for damages is general.   For money thus expended the right of action is in the husband alone.   There is no averment that it was paid by the wife out of, or that its payment had been charged upon, her separate estate, or that she had united with her husband in any written obligation or contract to pay it.   The most that can be inferred from the allegation that the money was paid by the "*plaintiffs,*" is that it was paid by *both,* that is part by the wife and part by the husband, and there can be no question but that for so much as was paid by him, he, alone, ought to sue.   It was therefore a mistake on the part of the pleader to include in this declaration a cause of action for which the husband alone ought to have sued.

What then is the consequence of this mistake and how can it be availed of by the defendant?   In 1 *Chitty's Pl.,* 85, the law is thus stated: "If the wife be improperly joined in the action, and the objection appear from the declaration, the defendant may, in general, demur, move in arrest of

judgment, or support a writ of error: though we have seen that after verdict the mistake *may sometimes be aided by intendment.*" Direct authorities upon the subject are comparatively few, and this, no doubt, arises from the fact that such mistakes have very rarely been made. It appears to be well settled, however, that if in an action *ex delicto* by husband and wife, the declaration sets out in one count a cause of action for which both must join, and in another a cause of action for which the husband alone can sue, and there is a general verdict, a motion in arrest must prevail. This seems to be the result of the decisions in *Barnes and Wife vs. Hurd,* 11 *Mass.,* 59, and in the analogous cases of *Corner vs. Shew,* 3 *Mees. & Wels.,* 350, and *Kitchenman vs. Skeel,* 3 *Excheq.,* 48. So also where the declaration in one or several counts states causes of action for *all* of which the husband alone can sue. *Saville and Wife vs. Sweeny,* 4 *Barn. & Adol.,* 514. But where in like cases Courts have had to deal with a single count in which a similar mistake has been made, the decisions have been different, and we have found no such case in which an arrest of judgment has been allowed.

In the case of *Russell and Wife vs. Corne,* as reported in 2 *Ld. Ray.,* 1031, it appears the action was by *baron* and *feme* for the battery of the latter. Several counts in the declaration were for the battery of the wife simply, but there was one count for beating her *per quod negotia ipsius* (the husband) *infecta remanserunt,* with conclusion *ad damnum ipsorum.* Upon not guilty pleaded there was a verdict for the plaintiffs with entire damages, and there was a motion in arrest upon the ground that husband and wife could not join as *this count* was laid; for the wife cannot join for damages accruing to the husband by the loss and delay of business in which she has no interest. But the motion was overruled and among the judgments delivered by the several Judges, POWELL, Justice, is re-

ported to have said, "I will not intend, that the Judge allowed any evidence to be given as to the special damage to the husband; but only admitted proof as to the battery." And in the note to the report of the same case in 1 *Salk.*, 119, the opinion is attributed to Chief Justice HOLT, that "he would not intend the Judge suffered the husband's business being undone to be given in evidence." That such evidence under a similar state of pleadings ought to be rejected, was expressly decided in *Dengate and Wife vs. Gardiner,* 4 *Mees. & Wels.,* 5. That was a joint action by husband and wife for slanderous words spoken of the wife, and the declaration stated as special damage that by reason of the speaking of the words certain persons refused to employ her as a servant. The plea was not guilty and at the trial before Lord ABINGER, the plaintiffs tendered evidence of such special damage, but the learned Judge rejected it as inadmissible in such joint action, and held that the profits of the wife's wages belong entirely to the husband, and he alone can sue for the loss of them. On motion for a new trial because of the rejection of this evidence, this ruling was sustained and the motion was refused. *Todd and Wife vs. Redford,* 11 *Mod.,* 264, was an action of assault and battery by husband and wife, and the declaration set forth that the defendant assaulted and bruised the wife by driving a coach over her, *ratione inde* the husband laid out divers sums of money in her cure. After verdict a motion in arrest was made on the ground that they should not have joined, because the damage was laid to be for money expended in the cure of the wife as well as for the battery, and entire damages being given, the verdict is bad for the whole. The Court overruled the motion, but seems to have placed its decision upon the ground that the gist of the action was "only the beating of the wife, and the *ratione inde* is only in aggravation of damages," by which we understand the Court to have held that what followed the words *"ratione inde"* was

merely a description of the trespass by way of aggravation. Other cases are also referred to in the note to *Russell and Wife vs. Corne*, (1 *Salk.*, 119,) to the effect that where there is a proper cause of action in the wife, though circumstances are added which are only actionable by the husband, the declaration by husband and wife is good, and the additional circumstances are only regarded as matter of aggravation. In *Lewis and Wife vs. Babcock*, 18 *Johns.*, 443, the declaration is almost literally the same as that in the present case, and the motion in arrest was founded upon precisely the same grounds. The Court admitted that upon *demurrer* the objection would have prevailed, but held it *not good* on motion in arrest and gave the plaintiffs judgment on the verdict. In *Fuller and Wife vs. Naugatuck Railroad Co.*, 21 *Conn.*, 557, *each count* in the declaration, after stating injuries to the person of the wife and her sufferings therefrom, contained the further allegation, as in this case, that "thereby they, the plaintiffs, were forced and obliged to, and did necessarily pay, lay out and expend a large sum of money, *viz.*, the sum of $200 in and about, endeavoring to be cured of the bruises, wounds, sickness, soreness, lameness, and disorder aforesaid occasioned as aforesaid." The general issue was pleaded and, after a verdict for general damages, the defendant moved in arrest because the several counts of the declaration each join a claim for damages on account of the wife's personal injury, with a claim for the expenses of her cure, but the Court overruled the motion for the reason, among others, that as there was a ground of damages for which husband and wife could recover, it will be *presumed* after verdict, that the Court allowed no proof to be given of any ground on which they could not recover though stated in the declaration. The same *intendment* was recognized and approved, on writ of error, in *Taylor and Wife vs. Knapp*, 25 *Conn.*, 510, where the suit was for an injury to a right belonging and appurtenant

to the wife's land, and the Court said: "But if the declaration is susceptible of a broader construction, as setting up an injury to her right, and to his as a distinct co-tenant of a part, we think, after verdict it *must be held* that the Judge allowed no inquiry except as to damages sustained by the husband and wife to *her* rights or easements as distinct from *his.*" Reference may also be made to the case of *Harrison and Wife vs. Newkirk,* 20 *N. J.* (*Law Rep.,*) 176, where the same *intendment* after verdict appears to have met the approval of the Supreme Court of New Jersey.

The distinction, as to effect, between stating causes of action for which different parties ought to sue, in separate counts of the declaration, and joining them in the same or a single count, may seem narrow and refined, but nevertheless as shown by some of the adjudications referred to, it is supported by very high authority. In fact the Court of King's Bench went so far in *Lawrie vs. Dyeball,* 8 *Barn. & Cress.,* 70, as to say "it is a settled rule that if the *same count* contains two demands, or complaints, for one of which the action lies, and not for the other, all the damages shall be referred to the good cause of action, although it would be otherwise if they were in *separate* counts."

We have been thus led to a review of these adjudications not only for the reason that the case appears to be of importance to the parties, at least to those who are seeking to sustain the verdict and judgment, but also because the decisions seem, in some instances, to have been placed on different grounds, and especially because we have found, upon examination, that the weight of authority is opposed to what were our first impressions as to the law upon this subject. We affirm the action of the Court below in overruling the motion in arrest, and do so upon the distinct ground that after verdict it must be *intended* that at the trial the evidence was *confined* to the personal

injury and suffering of the wife, and that none was offered as to the expenditure of money in curing her, or if offered that it was rejected by the Court and excluded from the consideration of the jury. And this we regard simply as a reasonable and proper extension of the well settled general principle, that where there is any defect, imperfection, or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated, and without which it is not to be presumed that either the Judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection, or omission is cured by the verdict. This salutary rule had its origin in the early statutes of amendment and jeofails, which were enacted to prevent a failure of justice by mere slips in pleading, and has not only been repeatedly approved by this Court, but has been substantially and almost literally incorporated by statute into our simplified system of Pleading and Practice. *Code, Art.* 75, *sec.* 9; *Merrick vs. Bank of Metropolis,* 8 *Gill,* 59; *Gent vs. Cole,* 38 *Md.,* 110. There is nothing in the case of *Stirling, et al. vs. Garritee,* 18 *Md.,* 468, when carefully considered, in conflict with what we now decide. The difficulty in that case was not simply that causes of action for which different *parties* ought to have sued, were joined in the same count. The defect was more serious and fundamental. It was hardly possible to ascertain from the declaration what the character of the action was. The Court said if it had any distinctive character it must be in the nature either of *trover* or *detinue;* if the former, the judgment could not be supported because no damages were laid in the declaration for the conversion of the property; if the latter, then the judgment on a verdict which did not ascertain the value of the property would be erroneous. It was manifest that

.a judgment upon the verdict in that case would not have had such reasonable certainty as would have enabled the ·defendant to plead it in bar of a subsequent suit for the :same cause of action, and the judgment was therefore arrested. In our apprehension the difference between them is quite sufficient to prevent that case from controlling the ·decision of this.

*Judgment affirmed.*

(Decided 21st February, 1884.)