# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed October 5, 1897.

## THE CATHOLIC BENEVOLENT LEGION
### VS.
### MONOHAN, ET AL.

*Jos. S. & Chas. W. Heiusler* for plaintiff.

*Ralph Robinson, P. J. Campbell* and *C. D. McFarland* for defendants.

STOCKBRIDGE, J.—

There is but a single question for determination at this time in this cause. The plaintiff has filed a bill of interpleader, and its right to so file it is conceded, but the counsel for the plaintiff asks that in the signing of the decree of interpleader there be allowed to him a fee, and the incorporation of this provision in the decree is opposed by certain of the defendants upon the ground that the plaintiff is a mere stakeholder, and that as such, is not entitled to counsel fees out of the fund in dispute.

That such a practice has existed for a number of years in the City of Baltimore is clear, Miller's Equity, p. 673, but since bad practice never makes good law, the question is, whether there is any justification in law for such a practice upon the part of the equity Courts of this city.

Questions of this character rarely reach the Courts of last resort, and for that reason precedents are not abundant upon the question.

The origin of the practice is not clear, but it seems probable that it may be traced to the English Courts, where there was a custom of allowing fees to solicitors as a part of the costs of the case, and with respect to which it was said by Lord Chief Justice Tindall, in the case of Cotter vs. The Bank of England, 3 Moore & Scott 183, where the bank had filed a bill of interpleader with respect to certain bullion in its possession, "here the bank disclaims all interest in the bullion; they do not ask to charge one party or the

other with the costs; they charge the bullion; we must decide that the bank shall be paid their costs in the first instance out of the fund or out of the proceeds of the bullion." In so deciding the Court was but following the decision in the case of Duear vs. Mackintosh, 3 Moore & Scott 174. It will hardly be seriously argued that the plaintiff in this case is not entitled to its costs down to the time of the decree, out of the fund, for that proposition has been frequently decided in this country, see Badeau vs. Rogers, 2 Paige, 211; Aymer vs. Gault, 2 Paige, 284; Manhattan Paint Works vs. Stinson, 2 R. 1. 415, and Farley vs. Blood, 30 N. II. 374, but the contention is that since in Maryland the fees of solicitors are no part of the costs, and hence can not be recovered at the termination of the case from the party who is in the wrong, as can the other costs; that they ought not to be allowed to the solicitor filing the bill of interpleader, and the cases of the Ohio Life Insurance and Trust Company vs. Winn et al., 4 Md. Chancery 254, and Elliott vs. Bryan, 61 Md. 364, are cited to support the proposition. With respect to these cases it is to be said that in the last case it was not a bill of interpleader, but a creditor's bill which brought in as one of the defendants the insurance company that asked to be allowed its counsel fees, and that the position of the company was not therefore one of strict neutrality. The company did not voluntarily place itself under the jurisdiction, and hence under the protection of the Court, and therefore was clearly not in a position to ask the favor of the Court upon the final decree, while in the earlier case, though it is a little difficult to understand the exact attitude of the petitioners in that case, it seems to have been practically the same as to their non-neutrality. There is therefore a marked difference between those cases and the one now presented. While it is true as a general proposition that a stakeholder is not allowed counsel fees, there is another proposition of law equally well settled, namely, that where a fund is brought into Court by counsel, who can look only to the fund for their compensation, that the Court will order the payment out of the fund of a reasonable fee to them for their services.

Weeks on Attorneys, Sec. 349.

May and Silbey, 69 Ga. 133.

It is doubtful, however, whether either of these propositions are in all respects applicable to a case like the present the truer principle seems to be that laid down by Justice Sharswood, in the case of Freeman vs. Shreve, 5 Norris 135, when he says: "The Chancellor will, out of a fund for distribution, order compensation to the counsel engaged, in his sound discretion, according to his estimate of what they reasonably deserve to have. He will often order such compensation to the counsel of a losing party who is decreed to have no interest, on the equitable ground that being a necessary party, he was compelled to litigate or had sufficient reason. It is a charge which the fund ought in equity and good conscience to bear," and this language has been adopted with approval and the ruling followed in the more recent case of McKelvy's and Sterrett's appeals, 108 Pa. St. 620.

If then the losing party is entitled to his counsel fee in a suit where he has no interest, and which he was compelled or had good reason to litigate, it is hard to see how such a case can be distinguished from the position of a plaintiff in a bill of interpleader. I shall therefore following the practice in this city allow a reasonable fee to the solicitor of the plaintiff to be paid out of the fund.